Alicia C. MORRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–91–00444–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 11, 1992.

Rehearing Denied July 16, 1992.

Weldon Berry, Houston, for appellant.

Karen A. Clark, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a conviction for the offense of failure to report child abuse. Appellant pled not guilty. The jury found appellant guilty as charged and the trial court assessed punishment at 120 days confinement, probated for one year and a fine of $1,000. Appellant raises five points of error. We affirm.

In October of 1990, Ms. Virginia Blade and Ms. Anita Brown were employed as teacher's aides for the severely and profoundly mentally retarded children at Reynolds Elementary School. These children had a tendency to get sick often, therefore, if the child defecated on himself more than twice in a day, the school would contact the child's caretaker to come pick up the child. On October 4, 1990, the victim, Jerry Conner, defecated on himself for the second time that day. Ms. Blade and Ms. Brown took Jerry to the handicapped washroom, where they cleaned him up, washed his hair and put fresh clothes on him.

Thereafter, the women took the child to the pre-kindergarten classroom, where appellant taught, in order "to teach him a lesson—to stop him from eating his feces." Specifically, they were going to put the child's hand under hot water. As the two women and the child entered appellant's classroom, appellant looked up and Ms.

Brown told her that "[w]e're going to teach Jerry to stop eating his shit." When they entered the washroom area of appellant's classroom, they turned on the hot water and proceeded to put the child's right hand under it. As soon as they put his hand under the water, Jerry started hollering, "ka hot. ka hot," which the women understood to mean the water was very hot. Appellant, hearing Jerry's screams, told the two women to get something to cover up his mouth, so Jerry would not be heard screaming and hollering. Ms. Blade and Ms. Brown covered Jerry's mouth with a towel and placed his hand back under the hot water. By this time, Jerry was screaming and hollering, and was in tears. When Jerry's hand started blistering, the women stopped and proceeded to walk back through appellant's classroom. Jerry's hand started to turn white and the entire surface began blistering. As a result of this action, Jerry sustained severe burns.

In her first point of error, appellant contends that the statute under which she was found guilty of the offense of failing to report her belief that a child had been abused or neglected is unconstitutional on its face and as applied. Specifically, appellant asserts that sections 34.01, 34.02 and 34.07 of the Texas Family Code are unconstitutionally vague because they provide no standard by which a person of reasonable intelligence can be guided in his conduct.

Section 34.01 of the Texas Family Code provides:

A person having cause to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect by any person shall report in accordance with Section 34.02 of this code.

Section 34.02 of the Texas Family Code reads in part:

(a) Nonaccusatory reports reflecting the reporter's belief that a child has been or will be abused or neglected, ... shall be made to:

(1) any local or state law enforcement agency;

(2) the Texas Department of Human Services;

(3) the state agency that operates, licenses, certifies, or registers the facility in which the alleged abuse or neglect occurred; or

(4) the agency designated by the court to be responsible for the protection of children.

Section 34.07 of the Texas Family code reads:

(a) A person commits an offense if the person has cause to believe that a child's physical or mental health or welfare has been or may be further adversely affected by abuse or neglect and knowingly fails to report in accordance with Section 34.02 of this code.

(b) An offense under this section is a Class B misdemeanor.

TEX.FAM.CODE ANN. §§ 34.01, 34.02 and 34.07 (Vernon 1986 & Supp.1992).

 Whenever an attack upon the constitutionality of a statute is presented for determination, we commence with the presumption that such statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting the statute. *See Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim.App.1978); *Ex parte Smith,* 441 S.W.2d 544 (Tex.Crim.App.1969). The burden rests upon the individual who challenges the statute to establish its unconstitutionality. *Ex parte Granviel,* 561 S.W.2d at 511. It is the duty of this court to uphold the statute if a reasonable construction of said statute can be ascertained which will render it constitutional and carry out the legislative intent. *Ely v. State,* 582 S.W.2d 416 (Tex.Crim.App.1979); *Chemical Bank v. Commercial Ind. Service Co., Inc.,* 662 S.W.2d 802 (Tex.App.— Houston [14th Dist.] 1983, writ ref'd n.r.e.).

 A statute which forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. *Cotton v. State,* 686 S.W.2d 140 (Tex.Crim.App.1985). Where no First Amendment rights are involved, this court need only scrutinize the statute to determine whether it is impermissibly vague as applied to the challenging party's specific conduct. *Id.* at 483. However, a statute is not vague merely because it is imprecise. *See Coates v. City of Cincinnati,* 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214 (1971); *Briggs v. State,* 740 S.W.2d 803 (Tex.Crim.App.1987). It is unconstitutionally void for vagueness only when no standard of conduct is obtained at all or when no core of prohibited activity is defined. *Briggs,* 740 S.W.2d at 806.

A person having cause to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect by any person shall report in accordance with Section 34.02 of the Texas Family Code. TEX.FAM.CODE ANN. § 34.01 (Vernon Supp.1992). Section 34.02 sets out in detail the required contents of this mandatory report, and designates to whom the report shall be made. It is a misdemeanor offense for a person to knowingly fail to make such report. TEX.FAM. CODE ANN. § 34.07 (Vernon 1986). These statutes give a person of ordinary intelligence fair notice that he is required to file a report with the appropriate agencies when he has cause to believe that a child is being abused. Reviewing the facts in the present case, appellant most certainly had "cause to believe" that the child was being subjected to abuse. Appellant's first point of error is overruled.

 In her second point of error, appellant argues that the trial court erred in admitting into evidence state's exhibits seventeen, eighteen and nineteen. Exhibits seventeen and eighteen were pictures taken by Dr. Donald Parks, depicting the scalded hand of Jerry Conner. Exhibit nineteen depicted Jerry Conner under Dr. Parks's care at the hospital. Appellant complains that these pictures are not relevant to the offense for which she is charged, and any probative value was substantially outweighed by their prejudicial effect.

 A photograph is competent evidence of any subject about which a witness's description is proper. *Barefield v. State,* 784 S.W.2d 38 (Tex.Crim.App.1989).

In other words, if a verbal description of the item is admissible, then a photograph depicting the same is also admissible. *Burdine v. State*, 719 S.W.2d 309 (Tex. Crim.App.1986). An attending physician may testify as to the nature, extent, and seriousness of a wound, especially where the fact or seriousness of the injury is an issue central to the case. *See Lutz v. State*, 146 Tex.Crim. 503, 176 S.W.2d 317, 320 (1943).

In the instant case, the main issue was whether appellant had cause to believe that Jerry Conner had been abused. Dr. Parks's testimony as to the seriousness of Jerry's injury was directly relevant to that issue, because it makes more probable the fact that appellant either saw the injury or heard Jerry Conner screaming at the time he was injured. TEX.R.CRIM.EVID. 401. The state's exhibits show the seriousness of Jerry's injury and make it more probable that appellant saw the injury to Jerry's hand and heard him scream in pain as he was scalded. Since Dr. Parks's testimony was admissible and the pictures are relevant to the seriousness of the injury, the photographs were properly admitted. Furthermore, we are unpersuaded by appellant's argument that the probative value of these pictures is substantially outweighed by the prejudicial effect. Appellant's second point of error is overruled.

■ In her third point of error, appellant contends that the trial court erred in overruling her motion in limine and her trial objections one and two. The evidence appellant attempted to exclude included testimony of any employee of the school where appellant worked, the testimony of any employee of the Thomas Care Center, any medical records of Jerry Conner's injury, and any photographs taken of Jerry's injury unless appellant had an opportunity to view Jerry's injury at the time the photographs were taken. In the two trial objections, appellant objected to any testimony of David Brown and Dr. Parks unless appellant was present at the time the witness made the observation about which they would testify, or appellant was privy to the knowledge obtained or the observation made by the witnesses.

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R.CRIM.EVID. 401. As mentioned in point of error two, the photographs and the testimony concerning Jerry's injury were directly relevant in determining whether appellant had cause to believe that Jerry Conner had been abused. There is no rule that requires appellant to have personal knowledge of the facts to which a witness may testify or be present when certain photographs are taken. Appellant's third point of error is overruled.

■ In appellant's fourth point of error, she asserts that the jury charge was erroneous because the trial court authorized the jury to return a verdict of guilty on proof less than that required by statute. Appellant refers to section 34.02(a) of the Texas Family Code, which requires that a report reflecting the reporter's belief that a child has been or will be abused or neglected shall be made to: (1) any local or state law enforcement agency; (2) the Texas Department of Human Services; (3) the state agency that operates, licenses, certifies, or registers the facility in which the alleged abuse or neglect occurred; or (4) the agency designated by the court to be responsible for the protection of children. The jury charge, in relevant part of its application paragraph, instructs the jury to find appellant guilty if they believe that appellant "failed to report the abuse to the Texas Department of Human Services or any local or state law enforcement agency." Appellant claims that since the charge fails to instruct the jury as to the third and fourth agencies to which a person may report child abuse, the court failed to charge the jury on all necessary elements of the offense.

■ The trial court's charge should set out all essential elements of the offense. *Jackson v. State*, 633 S.W.2d 897, 899 (Tex.Crim.App.1982). Furthermore, the trial court must fully instruct the jury on the law applicable to the case and apply that law to the facts presented. *Jordan v.*

*State,* 782 S.W.2d 524, 525 (Tex.App.—Houston [14th Dist.] 1989, pet.ref'd). The places to which a person may report under that section of the statute are not elements of the offense for which appellant was tried and convicted. Appellant was charged under section 34.07, which makes it a misdemeanor offense for failing to report child abuse. Since it was unnecessary for the state to allege in the information the third and fourth agencies to which a person may report, the trial court did not err in denying appellant's request to include those agencies in the application paragraph of the jury charge. Appellant's fourth point of error is overruled.

In her fifth point of error, appellant claims that the information was defective because it varied from the statute under which she was charged, and thus did not set forth the offense in plain and intelligible words. After reviewing the information and the relevant statute, the information sufficiently tracked the language of section 34.07, the statute under which appellant was charged, and, as such, alleged all elements that the state was required to prove. Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.