NO. 07-97-0070-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 7, 2002



______________________________




SEAN ALLEN SMITH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 9444-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



ON STATE'S MOTION TO ABATE


 APPEAL AND REMAND FOR EVIDENTIARY HEARING


 

 

Before BOYD, C.J., and QUINN and REAVIS, JJ.

 By our opinion issued September 28, 1998, reported in Smith v. State, 979 S.W.2d 379
(Tex.Cr.App. 1998), we overruled appellant's contentions that the trial court erred in denying
his motion to enforce an oral agreement with the former prosecutor not to prosecute him. By
its opinion in cause number 1862-98 delivered March 13, 2002, the Court of Criminal Appeals
reversed our decision and remanded the cause to us to address the issues of the existence
of, and performance under, the immunity agreement. 

 According to the reporter's record of a pretrial hearing held on September 17, 1996, the
trial court heard appellant's Amended Motion to Enforce Agreement with Prosecutor at which
time appellant called four witnesses who were cross-examined by the State. After appellant's
counsel rested, counsel for the State announced:

 We have nothing, Your Honor, other than cross-examination.

By its pending motion, the State moves that we abate the appeal and remand the cause to the
trial court for an evidentiary hearing and the making of findings of fact and conclusions of law. 
Because the existence and enforceability of an agreement for immunity must be determined
prior to trial, Zani v. State, 701 S.W.2d 249, 254 (Tex.Cr.App. 1985), the State's motion that
we abate the appeal and remand the cause to the trial court for an evidentiary hearing is
overruled.

 Counsel for appellant and the State are requested to file post-submission briefs with
appropriate references to the reporter's record focusing on the existence of and performance
under the immunity agreement and the respective burdens of proof applicable thereto in
accordance with Zani on or before June 7, 2002, and any reply briefs no later than June 14,
2002.

 IT IS SO ORDERED.

 Per Curiam

Do not publish.




Nadina's physical or mental health or welfare was or may be adversely affected by abuse
or neglect. The State urges that the evidence is factually sufficient.

 We first consider whether the State's burden was to prove actual abuse or neglect
as a separate element of the offense. Appellant cites, in part, White v. State, 50 S.W.3d
31, 39 (Tex.App.--Waco 2001, pet. ref'd), as support for her contention that the State has
the burden to prove that the child actually was abused or neglected as a separate element
of a § 261.109 offense. White, however, specified that ". . . the elements for this offense
are that: (1) the defendant; (2) had cause to believe that a child had been or may be
abused or neglected; and (3) knowingly failed to report this abuse or neglect." Id. at 40-41. The White court construed appellant White's appeal as challenging only the State's
evidence as to the element of the offense ". . . that she had cause to believe that C.W. [the
child] had been abused on the five occasions in question." Id. at 41(emphasis added). We
do not read White as supporting appellant's contention. 

 Appellant also references Morris v. State, 833 S.W.2d 624, 627 (Tex.App.--Houston
[14th Dist.] 1992, pet. ref'd), in support of her position. She refers to the Morris court's
statement that appellant Morris "most certainly had 'cause to believe' that the child was
being subjected to abuse," see id. at 627, as supporting her position. We, however,
consider the quote referred to as measuring evidentiary sufficiency in the case, not as a
holding that the State must prove abuse or neglect as a separate element of the offense. 
To the contrary, we read Morris to be supportive of the State's position in the instant
appeal. The statutory language in question in Morris required "a person having cause to
believe that a child's physical or mental health or welfare has been or may be adversely
affected by abuse or neglect by any person" to report in accordance with specified
provisions of the Family Code. In considering whether the statutory language was
unconstitutionally vague, the Morris court held that the language gave fair notice to a
person of ordinary intelligence that a report must be filed with appropriate agencies "when
[the person] has cause to believe that a child is being abused." Id. at 627. 

 We are in agreement with White and Morris as we read them to hold that actual
abuse or neglect is not a separate element of the offense. The language "cause to
believe" applies to the entire phrase "that a child's physical or mental health or welfare has
been or may be adversely affected by abuse or neglect." See Tex. Gov't Code Ann. §
311.011(a) (Vernon, 1998) (words and phrases shall be read in context and construed
according to rules of grammar and common usage); Morris, 833 S.W.2d at 627. The State
is not required to prove, as an element of the offense, that abuse or neglect actually
occurred; only that appellant had cause to believe that abuse or neglect occurred. See
Family Code § 261.109; White, 50 S.W.3d at 41; Morris, 833 S.W.2d at 627. 

 Having determined that the State was not required to prove abuse or neglect as a
separate element of the offense, we turn to appellant's evidentiary challenge. 

 Review of the evidence for factual sufficiency to support a conviction entails a
neutral review of all the evidence, both for and against the finding. The evidence is
factually insufficient if such a review demonstrates that (1) the proof of guilt, standing
alone, is too weak to support a finding of guilt, or (2) the proof of guilt, although adequate
if taken alone, is greatly outweighed by contrary proof. See Johnson v. State, 23 S.W.3d
1, 11 (Tex.Crim.App. 2000). Unless the record clearly reveals that a different result is
appropriate, an appellate court must defer to the factfinder's determination concerning
what weight to give contradictory testimonial evidence because resolution often turns on
an evaluation of credibility and demeanor, which is primarily a determination to be made
by observation of the witnesses giving the testimony. Id. at 8.

 Appellant questions the factual sufficiency of proof that Nadina's physical or mental
health or welfare has been or may have been adversely affected; that Nadina was actually
abused or neglected; and that appellant failed to report as required by Family Code
chapter 261. Because we have previously determined that the State did not have to prove
actual abuse or neglect, we need not address the sufficiency challenge as to proof of
actual abuse or neglect. Thus, we begin by addressing sufficiency of the proof that
appellant had cause to believe that the child's physical or mental health or welfare has
been or may be adversely affected by abuse or neglect.

 As part of the charge, the jury was instructed that "neglect" includes placing a child
in or failing to remove a child from a situation that a reasonable person would realize
requires judgment or actions beyond the child's level of maturity, physical condition, or
mental abilities and that results in bodily injury or a substantial risk of immediate harm to
the child. See Family Code § 261.001(4)(B)(i). 

 Adelmira testified that appellant told her Nadina had been left in the van at the park. 
She also testified that appellant told her steps had been taken to hydrate Nadina. Chris
Clark testified that he and Anna Tucek were two of the workers in charge of the children
that day at the park and that on discovering Nadina, he made attempts to hydrate the child. 
He also testified that he and Anna immediately reported the event to appellant. Anna
testified that when she found Nadina in the van she saw evidence that Nadina had been
upset and crying. Anna was also concerned about Nadina being dehydrated and took
immediate steps to hydrate her upon finding her in the van. Anna reported all of this to
appellant once she got to the daycare center. Both Chris and Anna testified that they
knew to report the incident to appellant because appellant had trained them to report such
incidents to her so she could decide if a report should be made. 

 Michelle Bohannon, of the DPRS and the primary investigator for the licensing
division, testified that any child left alone in a van is at risk, regardless of the weather or
other external factors. The trial court took judicial notice, and so instructed the jury, that
there is a potential for harm any time a child is left alone in a vehicle for an extended
period of time. 

 The evidence shows that appellant was aware that three-year old Nadina had been
left in the van alone for over an hour. Appellant knew that her employees were worried
about the hydration of the child and that there was evidence the child had been upset and
crying. The trial court judicially noticed a potential for harm any time a child is left alone
in a vehicle for an extended period of time. 

 The proof, standing alone, is not too weak to support a finding that appellant had
cause to believe that Nadina's physical or mental health or welfare had been or may be
adversely affected by having been left in the van and that leaving her in the van was
neglect as defined in the statute and jury charge. See Johnson, 23 S.W.3d at 11.

 When the State rested and closed, so did appellant. Proof contrary to the State's
proof was only developed on cross-examination of the State's witnesses. Appellant directs
our attention to evidence and testimony that Nadina was laughing, joking, eating a snack
and drinking water, and that Nadina's mother testified that Nadina shows no emotion about
the incident. Differing inferences could be drawn from the evidence as a whole. The duty
of drawing inferences from the evidence and judging the credibility and weight of such
inferences and all the evidence presented, however, is lodged in the factfinder. Deferring
to the jury's resolution of witness credibility and conflicts in the evidence, as we must in
such matters, we conclude that the proof of guilt is not greatly outweighed by contrary
proof. See id. at 11.

 We next address sufficiency of the proof that appellant failed to report in
accordance with Family Code chapter 261. Appellant contends that the State introduced
no proof that she failed to verbally report the incident to some local or state law
enforcement agency, the DPRS, or the licensing agency. See § 261.103(a)(1),(2),(3). (4) 
Her assertion is based on testimony by DPRS representative Bohannon and Canyon
Police Department detective Chris Tinsley. 

 Bohannon testified that the DPRS records, which contained a report of the incident,
contained no record of the incident having been reported by appellant or the learning
center, and she was not aware of such a report. On cross-examination she admitted that
she could not testify that, beyond a reasonable doubt, appellant had not made a verbal
report of the incident to one of the thousands of employees of the DPRS. 

 Detective Tinsley testified that he had worked at the Canyon PD for over 20 years;
that he had not encountered a situation in which child abuse had been reported but a
record had not been made by the receiving officer; and that the Canyon PD did not have
any record of appellant having reported the incident involving Nadina. Tinsley also
testified that he checked the statewide police agencies for such a record and none existed. 
Just as Ms. Bohannon did, Tinsley testified on cross-examination that he had not talked
to each officer of the Canyon PD about the case and therefore could not testify beyond a
reasonable doubt that appellant had not made a verbal report to one of the officers.

 We perceive appellant's argument to be a shade of the "alternative reasonable
hypothesis" construct which was rejected in Geesa v. State, 820 S.W.2d 154, 160-61
(Tex.Crim.App. 1991). Under that construct, legal sufficiency of circumstantial evidence
proof was tested by whether the State had disproved every reasonable hypothesis raised
by the evidence in the record except the defendant's guilt. See id. at 156-59. That is, the
evidence was tested not by what the State proved, but by what the State failed to disprove. 
Id. As noted, such standard has been rejected in legal sufficiency reviews. In a factual
sufficiency analysis the existence of alternative reasonable hypotheses raised by the
record may still be considered, but the existence of such hypotheses is not determinative. 
See Wilson v. State, 7 S.W.3d 136, 141 (Tex.Crim.App. 1999). (5) 

 The record before us reveals that appellant was the proprietor of a licensed daycare
center. The Minimum Standards and Guidelines for Daycare Centers was introduced into
evidence. In addition to reporting requirements of the Family Code which apply to all
persons, the Minimum Standards required daycare centers to report incidents such as the
one involving Nadina. The only evidence that a report was made came from Nadina's
mother who testified that she reported the incident and from Bohannon who testified that
to her knowledge and according to DPRS records one report was made. Neither the
DPRS records nor the police records contained a record of a report from appellant or her
daycare center. No evidence appears creating an inference that appellant or anyone
acting on her behalf reported the incident verbally. The hypothesis that appellant reported
the incident is not supported by record evidence. On the other hand, the State presented
evidence from which the jury could have found that she did not. The record evidence,
viewed in a neutral light and standing alone, is not too weak to support a finding that
appellant did not report, and the proof of guilt is not greatly outweighed by contrary proof. 
Accordingly, the evidence is factually sufficient to support the jury's finding that appellant
did not report as required by the Family Code.

 The evidence is factually sufficient to support the jury's finding of guilt. See
Johnson, 23 S.W.3d at 11. The conviction is affirmed. 


 Phil Johnson

 Chief Justice

Publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Reference to a provision of the Family Code hereafter will be by reference to
"Family Code § _", or by reference merely to "§ _." 
3. Appellant's sole issue asserts error by the trial court in failing to direct a verdict in
her favor "when the evidence was factually insufficient to sustain" her conviction. The
issue seems to mingle legal insufficiency and factual insufficiency challenges. However,
appellant briefs only the appellate standard of review for factual insufficiency challenges,
and at oral submission she asserted factual insufficiency as the basis for her appeal. 
 
4. She does not contend that the State was required to prove that she did not report
to another agency. See § 261.103(a)(4),(b). 
5. See also Chambers v. State, 711 S.W.2d 240, 245 (Tex.Crim.App. 1986) (Either
evidence permits a rational trier of fact to find the essential elements of the offense beyond
a reasonable doubt or it does not. What is not in evidence is irrelevant to a determination
of the sufficiency of the evidence).