

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 24, 2003

The Honorable Phil King
Chair, Regulated Industry Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0106

Re: Reporting and investigating child sexual abuse (RQ-0032-GA)

Dear Representative King:

You note that numerous reports of suspected child sexual abuse are made daily throughout the state from many locations and under varied circumstances.[1] In order that law enforcement officers may properly apply the statutes on reporting child sexual abuse, you ask the following questions:

> 1) Are law enforcement officers, on or off duty, required to make a report of suspected child sexual abuse when they observe facts that suggest child sexual abuse has occurred or is occurring?

> 2) Are reporters[2] . . . required to conduct any investigation regarding the circumstances of the child prior to making the report of suspected abuse?

> 3) Are law enforcement agencies required to respond to the report and investigate the circumstances to determine if the child is being abused?

> 4) After the initial investigation, are law enforcement agencies required to refer these investigations to specialized state agencies for further consideration and review of the circumstances?

---

[1]Letter from Representative Phil King, Chair, Regulated Industry Committee, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General, at 1 (Mar. 21, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]This question refers to "either mandatory or permissive" reporters, but we omit these terms because the relevant statutes do not include them. *See* Request Letter, *supra* note 1, at 1.

5) Are there any circumstances or locations under which these observations may take place that change any of the above interpretations?

*Request Letter, supra* note 1, at 1. Your request relates to reports of suspected child sexual abuse, and we limit our discussion accordingly.

## I.    Texas Law Defining Child Sexual Abuse

Family Code chapter 261 provides for reporting and investigating child abuse or neglect. Section 261.001(1) defines "abuse" to include numerous acts and omissions by a person. Among these is "sexual conduct harmful to a child's mental, emotional, or physical welfare, including conduct that constitutes the offense of indecency with a child under Section 21.11, Penal Code, sexual assault under Section 22.011, Penal Code, or aggravated sexual assault under Section 22.021, Penal Code." TEX. FAM. CODE ANN. § 261.001(1)(E) (Vernon 2002). Section 261.001(1)(E) thus defines child sexual abuse in general terms and expressly provides that conduct under Penal Code sections 21.11, 22.011, or 22.021 constitutes such sexual abuse. *See Montello Salt Co. v. State of Utah*, 221 U.S. 452, 463 (1911) (the word "including" is sometimes used to specify particularly something that belongs to a general class); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) (words and phrases are read in context and construed according to the rules of grammar and common usage). A person reporting child sexual abuse need not personally determine whether conduct under Penal Code section 21.11, 22.011, or 22.021 harms "a child's mental, emotional, or physical welfare," because the legislature has determined in section 261.001(1)(E) that this conduct causes the described harm.

The Penal Code provisions incorporated into section 261.001(1)(E) generally provide that a person commits an offense by engaging in specific kinds of sexual conduct with a child under 17 years who is not the actor's spouse. *See* TEX. PEN. CODE ANN. §§ 21.11(a), 22.011(c)(1), 22.021(b) (Vernon 2003). It is an affirmative defense to prosecution for indecency with a child under section 21.11 that (1) the actor was not more than three years older than the victim and of the opposite sex, (2) the actor did not use duress, force, or a threat against the victim, and (3) the actor was not subject to certain provisions of the sex offender registration program. *See id.* § 21.11(b); *id.* ch. 62 (Vernon Supp. 2003). A similar affirmative defense applies to prosecution for sexual assault of a child under section 22.011(a)(2): that the actor was not more than three years older than the victim and at the time of the offense (1) the victim was a child of 14 years or older, and (2) the actor was not subject to certain provisions of the sex offender registration program. *See id.* § 22.011(e). No such affirmative defense applies to prosecution under Penal Code section 22.021 for aggravated sexual assault, defined to include specific sexual contact under the following circumstances: (1) the victim is younger than 14 years, or (2) the actor engages in specific acts, such as causing serious bodily harm to the victim or another person, engaging in certain threatening behaviors, or administering a specific drug to the victim. *See id.* § 22.021(a)(1)(B), (2)(A)(B).

## II.    Child Sexual Abuse Reporting Laws

Family Code section 261.101(a) provides that "[a] person having cause to believe that a child's physical or mental health or welfare has been adversely affected by abuse or neglect by any person shall immediately make a report as provided by this subchapter." TEX. FAM. CODE ANN. § 261.101(a) (Vernon 2002); *see White v. State*, 50 S.W.3d 31, 47 (Tex. App.–Waco 2001, pet. ref'd) ("cause" means "sufficient reason"). This provision imposes a mandatory requirement upon *any* person, not merely law enforcement officers, to report child abuse, whether it is physical abuse, sexual abuse, or other conduct included in the definition of "abuse." *See State v. Harrod*, 81 S.W.3d 904, 908 (Tex. App.–Dallas 2002, pet. ref'd) (prosecution for failure to immediately report child sexual abuse), *Rodriguez v. State*, 47 S.W.3d 86 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd) (conviction for failure to immediately report child abuse); Tex. Att'y Gen. Op. No. DM-458 (1997) at 3 (section 261.101(a) does not allow sex offender treatment providers to decide whether or not to report "incomplete or dated" information received from client).

Section 261.101(b) establishes a specific reporting requirement for "a professional," defined as "an individual who is licensed or certified by the state or who is an employee of a facility licensed, certified, or operated by the state and who, in the normal course of official duties or duties for which a license or certification is required, has direct contact with children," including "teachers, nurses, doctors, day-care employees, employees of a clinic or health care facility that provides reproductive services, juvenile probation officers, and juvenile detention or correctional officers."[3] TEX. FAM. CODE ANN. § 261.101(b) (Vernon 2002). If a professional

> has cause to believe that a child has been abused or neglected or may be abused or neglected, or that a child is a victim of an offense under Section 21.11, Penal Code, and the professional has cause to believe that the child has been abused as defined by Section 261.001, the professional shall make a report not later than the 48th hour after the hour the professional first suspects that the child has been or may be abused or neglected or is a victim of an offense under Section 21.11, Penal Code.

*Id.*; *see also id.* § 33.008(a) (physician reporting requirement in Parental Notification Act).

The requirement to report child sexual abuse under section 261.101 applies "without exception to an individual whose personal communications may otherwise be privileged, including an attorney, a member of the clergy, a medical practitioner, a social worker, a mental health professional, and an employee of a clinic or health care facility that provides reproductive services."

---

[3]The Federal Standards for Privacy of Individually Identifiable Health Information promulgated under the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 2024 (codified as amended in scattered sections of 42 U.S.C.) (HIPAA) restrict the dissemination of health information. However, health care providers and other covered entities may disclose confidential health information about an individual whom the covered entity reasonably believes to be a victim of abuse, neglect, or domestic violence, subject to procedures and limits set out in the regulations. *See* 45 C.F.R. §§ 160.203, 164.502(g), 164.512 (2002).

*Id.* § 261.101(c); *see Bordman v. State*, 56 S.W.3d 63, 67-68 (Tex. App.–Houston [14th Dist.] 2001, pet. ref'd) (child abuse reporting requirement prevails over clergy communication privilege); Tex. Att'y Gen. Op. No. JC-0070 (1999) at 5 (child abuse reporting requirement prevails over confidentiality provision applicable to polygraph exams). The identity of the person making a report is confidential and may be disclosed only as provided by Family Code section 261.201 or to a law enforcement officer for purposes of investigating the report. *See* TEX. FAM. CODE ANN. § 261.101(d) (Vernon 2002); *see also id.* § 261.201 (disclosure of report of suspected child abuse by court order; disclosure to adoptive parents, and to parent, managing conservator, or other legal representative of child).

Reports are to be made to (1) any local or state law enforcement agency, (2) the Department of Family and Protective Services (DFPS), formerly called the Department of Protective and Regulatory Services,[4] if the alleged sexual abuse involves a person responsible for the care, custody, or welfare of the child, (3) the state agency that operates, licenses, certifies, or registers the facility in which the alleged sexual abuse occurred, or (4) the agency designated by the court to be responsible for protecting children (the "designated agency"). *See id.* § 261.103(a); *see also Vineyard v. Kraft*, 828 S.W.2d 248, 254 (Tex. App.–Houston [14th Dist.] 1992, writ denied) (court-appointed healthcare professionals evaluating child's best interest in connection with parents' divorce qualified as "agency designated by the court to be responsible for the protection of children"). If a state or local law enforcement agency receives a report alleging sexual abuse or neglect by a person responsible for a child's care, custody, or welfare, the law enforcement agency must immediately refer the report to DFPS or the designated agency. *See* TEX. FAM. CODE ANN. § 261.105(a) (Vernon 2002); *see also* TEX. HUM. RES. CODE ANN. § 40.002(a) (Vernon 2001) (DFPS is the state agency with primary responsibility for providing protective services for children and elderly and disabled persons).

A person acting in good faith who reports or assists in investigating a report of alleged child sexual abuse or who participates in a judicial proceeding arising from a report or investigation of alleged child sexual abuse is immune from civil or criminal liability that might otherwise be incurred or imposed. *See* TEX. FAM. CODE ANN. § 261.106(a) (Vernon 2002); *see also Alvarez v. Anesthesiology Assocs.*, 967 S.W.2d 871 (Tex. App.–Corpus Christi 1998, no pet.) (in suit against physicians for malicious prosecution relating to treatment of child and filing report of child abuse, immunity was granted physician where the evidence showed that she reasonably believed that child had been abused). A person who reports sexual abuse that he or she committed or who acts in bad faith or with malicious purpose in reporting alleged child sexual abuse is not immune from civil or criminal liability. *See* TEX. FAM. CODE ANN. § 261.106(c) (Vernon 2002); *see also* § 261.107 (person who knowingly or intentionally makes a false report commits an offense). A person commits a Class B misdemeanor offense "if the person has cause to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect and knowingly

---

[4]The Department of Protective and Regulatory Services has been renamed the Department of Family and Protective Services. *See* Act of June 1, 2003, 78th Leg., R.S., ch. 198, § 1.27, 2003 Tex. Sess. Law Serv. 611, 641 (a reference in law to the Department of Protective and Regulatory Services means the Department of Family and Protective Services).

fails to report" as required by Family Code chapter 261. *Id.* § 261.109; *see generally White*, 50 S.W.3d 31 (conviction for failure to report child abuse), *Morris v. State*, 833 S.W.2d 624 (Tex. App.–Houston [14th Dist.] 1992, pet. ref'd) (same). Whether an individual must report child sexual abuse under Family Code section 261.101(a) depends upon whether the facts show that the person has sufficient reason to believe that a child had been sexually abused.

## III.    Questions Presented

You inquire about the reporting responsibilities of law enforcement officers,[5] such as sheriffs and their deputies, constables and deputy constables, and city marshals or police officers. *See* Request Letter, *supra* note 1, at 1; TEX. CODE CRIM. PROC. ANN. art. 2.12 (Vernon Supp. 2003) (listing peace officers). A person appointed to serve as a peace officer must be licensed by the Commission on Law Enforcement Officer Standards and Education. *See* TEX. OCC. CODE ANN. §§ 1701.001(1),(3), 1701.301 (Vernon 2003). As a condition of licensing, a peace officer must complete training in investigating and documenting child abuse and sexual assault cases. *See id.* §§ 1701.253, 1701.307(a)(2); *see also id.* §§ 1701.351-.352 (agency that appoints or employs peace officers must provide them a continuing education program that includes cases involving child abuse and sexual assault unless agency head determines this to be inconsistent with the officer's assigned duties).

You ask whether law enforcement officers, on- or off-duty, are required to make a report of suspected child sexual abuse when they observe facts that suggest child sexual abuse has occurred or is occurring. *See* Request Letter, *supra* note 1, at 1. Like any other person, a peace officer who has "cause to believe that a child's physical or mental health or welfare has been adversely affected by abuse" is required by Family Code section 261.101(a) to report the child abuse as required by the Family Code. *See White*, 50 S.W.3d at 36, 47 (conviction of certified peace officer for failure to report abuse of her stepchild). The peace officer's on- or off-duty status does not affect the officer's responsibility under section 261.101(a).

Peace officers also have a statutory duty "to preserve the peace within the officer's jurisdiction." TEX. CODE CRIM. PROC. ANN. art. 2.13(a)-(b)(1), (4) (Vernon Supp. 2003). Whenever, in the presence or within the view of a peace officer, "one person is about to commit an offense against the person or property of another," it is the officer's duty to prevent it. *Id.* art. 6.06. "[A] police officer's 'off-duty' status is not a limitation upon the discharge of police authority in the presence of criminal activity." *Wood v. State*, 486 S.W.2d 771, 774 (Tex. Crim. App. 1972). A peace officer possesses the full powers of a peace officer in the presence of criminal activity and may take action despite being off-duty. *See, e.g., Hafdahl v. State*, 805 S.W.2d 396, 401 (Tex. Crim. App. 1990) (en banc) (police officer, driving home after shift ended, was in lawful discharge of his official duty when he stopped to investigate scene of traffic accident), *Wood*, 486 S.W.2d at 773 (off-duty uniformed police officers directing traffic from private parking lot to street were authorized to make arrest for breach of the peace).

---

[5]The terms "law enforcement officer" and "peace officer" are sometimes used interchangeably. For instance, the Commission on Law Enforcement Officer Standards and Education establishes standards for licensing as a peace officer, reserve law enforcement officer, county jailer, or public security officer. *See* TEX. OCC. CODE ANN. §§ 1701.001(3), 1701.151(2) (Vernon 2003); *see also* Tex. Att'y Gen. Op. No. JC-0466 (2002) at 2.

You next ask whether persons, not just law enforcement officers, who report child sexual abuse under Family Code section 261.101(a) are required to conduct any investigation regarding the circumstances of the child before making the report. *See* Request Letter, *supra* note 1, at 1. Chapter 261 requires DFPS, certain other agencies, and law enforcement agencies to investigate reports of child abuse, *see* TEX. FAM. CODE ANN. § 261.301 (Vernon 2002), but its provisions are completely silent as to whether persons reporting child sexual abuse must first conduct an investigation. Although a court might find such a duty under particular circumstances, we cannot do so in an attorney general opinion.

We will answer your next two questions together because the same statutes address them. You ask whether law enforcement agencies are required to respond to the report and investigate the circumstances to determine if the child is being abused, and whether, after the initial investigation, law enforcement agencies are required to refer the investigations to specialized state agencies for further consideration. *See* Request Letter, *supra* note 1, at 1. For purposes of this question, law enforcement agencies include a city police department, a county sheriff's department and the Texas Department of Public Safety. *See, e.g.,* TEX. CODE CRIM. PROC. ANN. arts. 59.01(5), 63.001(8) (Vernon Supp. 2003) (definitions of "law enforcement agency").

The Family Code provides for cooperation between DFPS and law enforcement agencies in investigating reports of child abuse. *See* TEX. FAM. CODE ANN. § 261.301 (Vernon 2002);[6] *see also id.* § 261.401 (investigation of child abuse in facilities operated, licensed, certified, or registered by a state agency). DFPS is required to investigate a report of child abuse "allegedly committed by a person responsible for a child's care, custody, or welfare," with assistance provided by the appropriate state or local law enforcement agency. *Id.* § 261.301(a); *see also id.* §§ 261.105(a) (reports received by law enforcement agency alleging child abuse by person responsible for a child's care, custody, or welfare "shall be referred immediately to DFPS or the designated agency"), 261.105(b) (DFPS shall immediately notify appropriate law enforcement agency of any report it receives concerning suspected abuse or neglect of a child or a child's death from abuse or neglect); TEX. CODE CRIM. PROC. ANN. art. 2.27[7] (Vernon Supp. 2003) (investigator of appropriate law enforcement agency shall investigate report jointly with DFPS). If a report alleges child sexual abuse by a person other than a person responsible for a child's care, custody, or welfare, DFPS is not required to investigate it. *See* TEX. FAM. CODE ANN. § 261.301(c) (Vernon 2002). The appropriate state or local law enforcement agency "shall investigate that report if the agency determines an investigation should be conducted." *Id.* Thus, in such cases, the state or local law enforcement agency may decide whether to conduct an investigation of the child sexual abuse report.

---

[6]Senate Bill 669 of the 78th Legislature adopts Family Code subsections 261.301(f) and (h), which assign highest priority to reports alleging an immediate risk of child abuse that could result in death or serious harm to the child and requires a peace officer to investigate the report jointly with the DFPS investigator. *See* Act of May 29, 2003, 78th Leg., R.S., S.B. 669, § 1 (to be codified at TEX. FAM. CODE ANN. § 261.301(f), (h)) (effective Sept. 1, 2003). The bill makes conforming changes in the Code of Criminal Procedure article 2.27. *See id.* § 2 (to be codified as an amendment to TEX. CODE CRIM. PROC. ANN. art. 2.27) [hereinafter S.B. 669].

[7]*See* S.B. 669, *supra* note 6.

You finally ask whether there are any circumstances or locations under which these observations may take place that change any of the above interpretations. Our answers to your first four questions are based on statutes that establish a duty to report child sexual abuse and the judicial decisions interpreting them. Whether a specific person has cause to believe that a child has been a victim of sexual abuse depends upon the facts within that person's knowledge. *See White*, 50 S.W.3d at 47-48, *Morris*, 833 S.W.2d at 626-28. Questions about whether a person has a duty to report child sexual abuse under specific circumstances must be answered on a case-by-case basis by applying the law to the facts. This office cannot find facts or resolve fact questions in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1 (stating that opinion process does not determine facts). While we acknowledge that some circumstances and locations may be more conducive to observing evidence of child sexual abuse than others, we cannot give a comprehensive answer to your final question.

# S U M M A R Y

Family Code chapter 261 provides for reporting and investigating child sexual abuse, including specific kinds of sexual conduct.  Law enforcement officers, whether on or off duty, are required to report suspected child sexual abuse when they have cause to believe that such sexual abuse has occurred or is occurring.

The Department of Family and Protective Services is required to investigate a report of child sexual abuse "allegedly committed by a person responsible for a child's care, custody, or welfare," with assistance provided by the appropriate state or local law enforcement agency.  The department is not required to investigate a report that alleges child sexual abuse by a person other than a person responsible for a child's care, custody, or welfare.  The appropriate state or local law enforcement agency shall investigate the report if the agency determines an investigation should be conducted.  Whether a specific person has cause to believe that a child has been a victim of sexual abuse depends upon the facts within that person's knowledge.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee