

## NUMBER 13-18-00583-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

JOSE MORENO ARRIAGA,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                         Appellee.

**On appeal from the County Court at Law
of Navarro County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Jose Moreno Arriaga was convicted of continuous sexual abuse of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 21.02. By two issues on appeal, Arriaga argues that (1) the trial court's *Allen* charge was improperly coercive; and (2) article 38.37, § 1 of the Texas Code of Criminal Procedure violates the separation of

powers doctrine in the Texas Constitution. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37. We affirm.

## I. BACKGROUND[1]

Arriaga was indicted for continuous sexual abuse of a child, and the jury trial began on September 10, 2018. *See* TEX. PENAL CODE ANN. § 21.02. During jury deliberations, the jury sent four notes to the trial court indicating its difficulty in coming to a consensus. The final note stated: "At this time, the jury is at a complete standstill. There is a juror who feels judgment cannot be passed on this case." In response, the trial court declared its intention to read an *Allen* charge to the jury. *See Allen v. United States*, 164 U.S. 492, 501 (1896). Neither the State nor Arriaga objected to the *Allen* charge. The jury returned a verdict of guilty about an hour after the *Allen* charge was read. The jury was subsequently polled, and each juror indicated that the guilty verdict was their own. Arriaga was sentenced to fifty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. This appeal ensued.

## II. *ALLEN* CHARGE

In his first issue, Arriaga asserts that the *Allen* charge submitted by the court caused harm because it was "unduly coercive" and caused the jurors to do "violence to their conscience."

### A. Standard of Review and Applicable Law.

> An *Allen* charge is given to a deadlocked jury to inform them of the consequences if a verdict is not reached. An *Allen* charge is a supplemental charge sometimes given to a jury that declares itself deadlocked. It reminds the jury that if it is unable to reach a verdict, a mistrial will result, the case

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

will still be pending, and there is no guarantee that a second jury would find the issue any easier to resolve.

*Barnett v. State*, 189 S.W.3d 272, 277 n.13 (Tex. Crim. App. 2006); *see Allen*, 164 U.S. at 501. "An *Allen* charge jury instruction will constitute reversible error only if, on its face, it is so improper as to render jury misconduct likely or jury misconduct is demonstrated to have occurred in fact." *West v. State*, 121 S.W.3d 95, 107 (Tex. App.—Fort Worth 2003, pet. ref'd). One manner in which an *Allen* charge may be improper is if it is unduly coercive; an *Allen* charge is unduly coercive only if it pressures jurors into reaching a particular verdict or improperly conveys the trial court's opinion on the case. *See id.*

**B. Analysis**

The trial court's *Allen* charge instructed the jury as follows:

> If this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the Court to declare a mistrial and discharge the jury.
>
> The indictment will still be pending, and it is reasonable to assume that the case will be tried again before another jury at some future time. Any such future jury will be impaneled in the same way this jury has been impaneled, and will likely hear the same evidence which has been presented to this jury.
>
> The questions to be determined by that jury will be the same questions confronting you, and there is no reason to hope that the next jury will find these questions any easier to decide than you have found them. With this additional instruction, you're requested to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury if you can do so without doing violence to your conscience. Don't do violence to your conscience, but continue deliberating.

This language is almost identical to the *Allen* charges upheld in other cases. *See Arrevalo v. State*, 489 S.W.2d 569, 571–72 (Tex. Crim. App. 1973); *West*, 121 S.W.3d at 108; *Willis v. State*, 761 S.W.2d 434, 437–38 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd); *Rodela v. State*, 666 S.W.2d 652, 652–53 (Tex. App.—Corpus Christi–Edinburg

1984, pet. ref'd); *see also Olvera v. State*, No. 13-13-00464-CR, 2014 WL 3542093, at *5 (Tex. App.—Corpus Christi–Edinburg July 17, 2014, no pet.) (mem. op., not designated for publication). Arriaga fails to point out any specific language that he contends is coercive. He merely argues that the charge must have been coercive because the jury repeatedly indicated that it was deadlocked before the charge, but within an hour after the supplemental charge was read to it, the jury was able to reach a verdict. But that is the very purpose of an *Allen* charge: to inform the jurors of the consequence of a deadlock and to encourage the jurors to resolve their differences without coercion. *See Allen*, 164 U.S. at 501; *Torres v. State*, 961 S.W.2d 391, 393, n. 1 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). Furthermore, the *Allen* charge in this case does not contain the type of problematic language that has been found to be coercive. *See, e.g., Green v. United States*, 309 F.2d 852, 855 (5th Cir. 1962) (concluding that the *Allen* charge was coercive because it told the jury that it is the duty of the minority to listen to the argument of the majority with some distrust of their own judgment because the rule is that the majority will have better judgment than the mere minority). The trial court in this case even specifically instructed the jurors at the end of the *Allen* charge not to do violence to their conscience. The trial court's *Allen* charge was not improperly coercive. We overrule Arriaga's first issue.

### III. ARTICLE 38.37

In his second issue, Arriaga argues that article 38.37, § 1 of the Texas Code of Criminal Procedure is unconstitutional because it violates the separation of powers provision of the Texas Constitution. *See* TEX. CONST. art. II, § 1; TEX. CODE CRIM. PROC. ANN. art. 38.37.

4

**A. Standard of Review and Applicable Law**

We review the constitutionality of a statute in light of the presumption of the statute's validity. *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex. Crim. App. 1978); *Morris v. State,* 833 S.W.2d 624, 627 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). We must presume that the Legislature did not act unreasonably or arbitrarily in enacting the statute. *Ex parte Granviel,* 561 S.W.2d at 511. Appellant has the burden to establish that the statute is unconstitutional. *Id.*

The separation of powers doctrine, as articulated in article II, § 1 of the Texas Constitution, states the following:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

TEX. CONST. art. II, § 1. To establish a violation of the separation clause, appellant must show that one department has assumed, or has been delegated, to whatever degree, a power that is more "properly attached" to another or that one department has so unduly interfered with the functions of another that the other department cannot effectively exercise its constitutionally assigned powers. *Wilkerson v. State,* 347 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). The Texas Constitution confers upon the judiciary the following core powers: "(1) to hear evidence; (2) to decide issues of fact raised by the pleadings; (3) to decide relevant questions of law; (4) to enter a final judgment on the facts and the law; and (5) to execute the final judgment or sentence." *State v. Williams,* 938 S.W.2d 456, 458–59 (Tex. Crim. App. 1997).

5

For certain sexual crimes committed against a child under the age of seventeen, "[n]otwithstanding Rules 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense *shall* be admitted for its bearing on relevant matters." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1 (emphasis added).

## B. Analysis

Arriaga argues that the legislature, in enacting article 38.37, violated the separation of powers clause of the Texas Constitution and usurped the power of the judicial branch. More specifically, Arriaga asserts that § 1 invades the role of the judiciary because it mandates the admission of certain kinds of evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1. Accordingly, Arriaga brings a facial challenge to the constitutionality of the statute. *See Peraza v. State,* 467 S.W.3d 508, 514 (Tex. Crim. App. 2015) ("A facial challenge is an attack on a statute itself as opposed to a particular application.").

We first note that while Rule 404(b) generally prohibits the use of extraneous offenses, the Legislature has chosen to enact specific and limited exceptions to this prohibition, and article 38.37, § 1 is one such exception that Texas courts have found to be constitutional. *See Buxton v. State*, 526 S.W.3d 666, 687 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd); *Harris v. State*, 475 S.W.3d 395, 401 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd); *Martin v. State*, 176 S.W.3d 887, 902 (Tex. App.—Fort Worth 2005, no pet.); *Brantley v. State*, 48 S.W.3d 318, 329–30 (Tex. App.—Waco 2001, pet. ref'd); *Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App.—Tyler 1999, pet. ref'd). These cases largely held that article 38.37, § 1 does not violate a defendant's right to due process. *See Buxton*, 526 S.W.3d at 687. We also conclude that article 38.37, § 1 does not violate

the separation of powers clause because the trial court retains a degree of discretion in admitting evidence. It is true that article 38.37, § 1 mandates that certain evidence "shall" be admitted; however, § 1 also states that such evidence may only be admitted "for its bearing on relevant matters." TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1. Thus, even though article 38.37, § 1 allows for evidence to be admitted despite Rules 404 and 405, a trial court could still potentially exclude the evidence after conducting a Rule 403 balancing test. *See id.*; TEX. R. EVID. 403, 404, 405. As the trial court has discretion under the statute to ultimately admit or exclude evidence, article 38.37, § 1 does not infringe on the trial court's decision-making power. *See Wilkerson,* 347 S.W.3d at 724. We overrule Arriaga's second issue.

### IV. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of July, 2019.