**Antoine M. EL–KAREH d/b/a South Park Conoco, Appellant,**

v.

**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee.**

No. C14–93–00555–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 17, 1994.

David W. Pace, Houston, for appellant.

Joan M. Denton, Houston, Marc Allen Connelly, Austin, W. Reed Lockhoof, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This appeal comes to us from the trial court's denying appellant's application for a beer retailer's off-premise license under section 61.42(a)(3) of the Texas Alcoholic Beverage Code. Appellant brings six points of error asserting generally that the denial of the application was erroneous. We will affirm the judgment of the trial court.

■ Appellant filed his application for the license on February 3, 1992. Master Beverly Kaufman conducted a hearing on the matter and denied the application because of the retail establishment's close proximity to a bus stop for a high school and a church complex that included a day-care facility. Appellant requested a hearing of his case before County Judge Jon Lindsay.[1] This hearing was held on October 28, 1992. Again, appellant's application was denied, and Judge Lindsay signed the order December 3, 1992. Appellant filed the necessary motion for rehearing with the county judge to appeal the decision to the district court.

---

1. The county judge acts in an administrative capacity in such cases. A denial of a license by the county judge is in effect a denial by the Texas Alcoholic Beverage Commission. *Lindsay v. Sterling,* 690 S.W.2d 560, 562 (Tex.1985).

The district court affirmed the county judge's decision.

Appellant pursues this appeal according to article 6252–13a of the Texas Revised Civil Statutes, formerly known as the Administrative Procedures Act. However, we note here that this particular provision has since been repealed and incorporated into chapter 2001 of the Texas Government Code. The basis for the denial of the application was section 61.42 of the Alcoholic Beverage Code which lists mandatory grounds for refusing a retail license. TEX.ALCO.BEV.CODE ANN. § 61.42 (Vernon Supp.1994). The ground listed in County Judge Jon Lindsay's conclusions of law states that a county judge may deny an application if he has reasonable grounds to believe and finds that "the place or manner in which the applicant for a retail dealer's license may conduct his business warrants a refusal of a license based on the general welfare, health, peace, morals, safety, and sense of decency of the people." *Id.* § 61.-42(a)(3). The reasonable grounds supporting this denial were listed in the findings of fact as the proximity of Miracleland Church, which had already experienced problems with other such retailers, and because of a Metro bus stop for Jesse Jones high school, which school had been subject to a sting operation finding "alcoholic beverages were bought from a licensed premises in the immediate vicinity of the proposed business."

■ Both parties have raised jurisdictional questions. We first address appellant's raising a jurisdictional question for the first time at oral argument. Appellant is correct in asserting that a party may bring a jurisdictional matter to the attention of the court for the first time on appeal only when fundamental error exists. *Elbar, Inc. v. Claussen,* 774 S.W.2d 45, 52 (Tex.App.—Dallas 1989, error dismissed). Because jurisdiction is considered fundamental, raising the issue does not require compliance with the usual requirements of preservation of the error or briefing of the point and argument. *H.E. Butt Grocery Co. v. Bay, Inc.* 808 S.W.2d 678, 679 (Tex.App.—Corpus Christi 1991, writ denied); *Crawford v. Williams,* 797 S.W.2d 184, 184–85 (Tex.App.—Corpus Christi 1990, writ denied). Jurisdiction of a

court is never presumed; if the record does not affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed. *Calk v. Gans & Smith Ins. Agency, Inc.,* 535 S.W.2d 755 (Tex.Civ.App.—Tyler 1976, no writ). Appellant asserts here that the county court was without jurisdiction to enter its order because the court entered an order in the name of a party not before the court, rendering the order void on its face. The invalidity of a void order is a matter that may be raised at any time and at any place by any person whose rights are affected. *Qwest Microwave, Inc. v. Bedard,* 756 S.W.2d 426, 439 (Tex.App.—Dallas 1988, no writ). However, we find appellant's argument is more in the way of a complaint concerning in personam jurisdiction. If personal jurisdiction is lacking, a court's order or judgment is void. *In re M.R.M. & E.E.M.,* 807 S.W.2d 779, 782 (Tex.App.—Houston [14th Dist.] 1991, writ denied). We find the order to be valid, however, because appellant did appear in court, thereby making himself amenable to the jurisdiction of the court.

■ Appellant's argument is tenable only because of the inconsistency of his pleadings and motions in the proceedings below. For example, the record shows that the initial application was made by a corporation named Antoine Enterprises, Inc. Appellant, Mr. El–Kareh, signed the application on which he had also listed himself as sole shareholder as well as president, secretary, and treasurer. The application also listed the assumed name for the business as South Park Conoco. The record thereafter is replete with different means of referring to the applicant. The applicant is referred to in two documents as Antoine Enterprises d/b/a South Park Conoco, and in other documents the applicant is simply referred to as South Park Conoco. The findings of the master are addressed to Mr. El–Kareh, and correspondence between the master and appellant refers to the license for South Park Conoco. Despite the inconsistencies, the record affirmatively demonstrates that appellant presented himself to the court as the applicant for the license. This finding is supported by a statement in appellant's appeal from the county judge's

order that "Antoine El-Kareh is the applicant for a beer and wine retailer's off-premise license." Thus, this case differentiates itself from the otherwise similar case cited by appellant, *Mapco, Inc. v. Carter,* 817 S.W.2d 686 (Tex.1991). In *Mapco* and other "misnomer" cases, the primary rationale lies in the due process concern: no judgment may be rendered against a defendant unless upon service, or acceptance or waiver of process, or upon an appearance. Tex.R.Civ.P. 124. No such concerns are present here because it is appellant who represented himself to the court in this capacity and who was best aware of the entities he created and controlled. Appellant as instigator of the proceedings cannot claim the benefit of the due process concerns the law has for defendants in lawsuits who do not receive proper notice. We find that appellant's appearance in the proceedings below waives his complaint that an order entered in his name, instead of the corporation's, was invalid on its face. *See In re M.R.M.,* 807 S.W.2d at 782 (stating attorney's filing voluntary appearance on behalf of party resulted in court's obtaining personal jurisdiction). We find the county judge's order to be valid.

Appellee asserts as its jurisdictional argument that appellant untimely perfected his appeal to this court. Section 11.67 of the Alcoholic Beverage Code appears to control the timetable for appealing a refusal of a license or permit. Tex.Alco.Bev.Code Ann. § 11.67 (Vernon Supp.1994). The relevant provision states the following:

(b) The appeal shall be under the substantial evidence rule and against the commission alone as defendant. The rules applicable to ordinary civil suits apply, with the following exceptions, which shall be construed literally:

(1) the appeal shall be perfected and filed within 30 days after the day the order, decision, or ruling of the commission or administrator becomes final and appealable;

(2) the case shall be tried to a judge within 10 days from the date it is filed;

(3) neither party is entitled to a jury;

(4) the order, decision, or ruling of the commission or administrator may be suspended or modified by the court pending a trial on the merits, but the final judgment of the district court may not be modified or suspended pending appeal. Tex. Alco.Bev.Code Ann. § 11.67(b) (Vernon Supp.1994).

■ Case law is clear on the provision at issue here that an appeal from an agency order denying such license or permit must be filed within thirty days of the order becoming final, and that once an appeal is filed from that final judgment, the case must be tried before a judge within ten days. *Cook v. Spears,* 524 S.W.2d 290, 291 (Tex.1975); *Fox v. Medina,* 848 S.W.2d 866, 869–70 (Tex. App.—Corpus Christi 1993, no writ); *McBeth v. Riverside Inn Corp.,* 593 S.W.2d 734, 734–35 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). However, appellee asserts that this statute also controls the appellate timetable for appealing the district court decision to a court of appeals. Appellee cites only the *McBeth* case for the proposition that filing a motion for new trial beyond the ten-day period mentioned in the statute is a nullity. We do not find this case to be dispositive of the particular question appellee presents.

Appellee's contention, however, does raise an interesting issue regarding a possible conflict between *McBeth* and another statutory provision. *McBeth* noted that because the definition of trial included proceedings such as ruling on motions for new trial, that subsection "b" of the above statute means a district court judge must rule on a motion for new trial within ten days after the filing of the appeal to the district court. At odds with appellee's contention that the appellate procedure from a district court is the same as that from the administrative agency to the district court is a provision in the Government Code addressing itself to this very question. The code states that "A party may appeal a final district court judgment under this chapter in the manner provided for civil actions generally." Act of April 22, 1975, 75th Leg., R.S., ch. 61, § 20, 1975 Tex.Gen. Laws 147, *amended by* Act of May 22, 1993, 73rd Leg., ch. 268, § 1 1993, 1993 Tex.Gen. Laws 752 (current version at Tex.Gov't Code Ann. § 2001.901 (Vernon Supp.1994)).

This provision leads us to the conclusion that *McBeth* does not apply to any matters beyond the perfection of an appeal from the administrative body, in this case the county judge, to the district court. Appellant did comply with the strict timelines set out by statute. Appellant filed a motion for rehearing within thirty days of the county judge's decision becoming final and had a hearing before the district judge within the requisite 10 days. Once the appeal was safely within the jurisdiction of the district judge, the usual rules of civil procedure became applicable. Thus, the rules of civil procedure determine the timelines of the appeal. Because appellant's case was not tried by a jury, he was not required to file a motion for new trial to complain of insufficient evidence. TEX.R.CIV.P. 324(b)(2). Appellant did file a motion for new trial, however, thereby expanding the appellate timetable to ninety days to perfect his appeal to this court. TEX. R.APP.P. 41(a)(2); *Harris County Hosp. Dist. v. Estrada,* 831 S.W.2d 876, 878 (Tex.App.— Houston [1st Dist.] 1992, no writ). We find appellant properly perfected his appeal to this court.

Appellee asserts that appellant did not preserve every point of error because his motion for rehearing to the county judge lacked the necessary specificity to inform the judge of appellant's complaint and that, therefore, appellant has waived a number of his points of error. We agree. Appellant had essentially three types of complaints in the motion for rehearing: lack of proper notice; insufficient evidence supporting the denial of the application; and the unconstitutionality of the ground upon which the license was denied. Case law has interpreted the motion for rehearing requirement as requiring that the complaints in the motion be "sufficiently definite to apprise the agency of the claimed error so as to allow the agency opportunity to cure the claimed error or to prepare to defend the order." *Snead v. State Bd. of Medical Examiners,* 753 S.W.2d 809, 810 (Tex.App.—Austin 1988, no writ). The instant case contains much more specific information than that found inadequate in *Snead* because appellant's motion for rehearing indicated the specific findings of fact complained about, namely, numbers three,

four, seven, and nine. We find that appellant preserved for appellate review these points asserted in the motion for rehearing.

Appellee asserts that appellant has waived points of error one, two, and three, by his failure to assert them in the motion for rehearing. Point of error one complains of arbitrary discrimination against appellant's application because other establishments in the same area have such licenses. We find nothing in appellant's motion for rehearing referencing such a complaint. Therefore, we find appellant has waived his first point of error.

Point of error two complains of an abuse of discretion by County Judge Lindsay because appellant had a good record at five other business locations where he did hold a license to sell alcoholic beverages. Appellant mentions this point in his motion for rehearing as this assertion constitutes finding of fact number five. We fail to find how appellant's good record at other locations has any bearing on the rationale on which Judge Lindsay based the denial on the location, namely, the proximity of the church and the high school. If appellant's other locations were similarly located, then the complaint may have had some relevance. Thus, we find no abuse of discretion and overrule point of error two.

Point of error three asserts that the county judge erred in failing to rule on appellant's proposed findings of fact. We do not find this point in the motion for rehearing and find therefore that appellant has waived this point also.

Point of error four questions the constitutionality of the statute upon which County Judge Lindsay based his denial of the application. Appellant asserts that the statute is unconstitutionally vague. In reviewing the constitutionality of a statute, we begin with the presumption that it is valid and not an arbitrary act of the legislature. *Morris v. State,* 833 S.W.2d 624, 627 (Tex. App.—Houston [14th Dist.] 1992, writ ref'd). Appellant bears the burden of overcoming this presumption to show the statute unconstitutional. *Id.* Appellant failed to carry this burden, particularly in view of his failure to refute case law directly on point affirming

the constitutionality of this provision. *E.g., Helms v. Texas Alcoholic Beverage Com'n,* 700 S.W.2d 607, 614 (Tex.App.—Corpus Christi 1985, no writ). We overrule point of error four.

 Point of error five complains of inadequate notice of the hearing before the county judge. Appellant asserts that the notice did not comply with the statute requiring such notice to include, *inter alia,* "a statement of the legal authority and jurisdiction under which the hearing is to be held [and] a reference to the particular sections of the statute and rules involved." Act of April 22, 1975, 64th Leg., R.S., ch. 61, § 13(b), 1975 Tex.Gen.Laws 141 *amended by* Act of May 22, 1993, 73rd Leg, R.S., ch. 268. § 1, 1993 Tex.Gen.Laws 739, 740 (amended 1993), current version at TEX.GOV'T CODE ANN. § 2001.-052(a)(2), (3) (Vernon Supp.1994). The record contains appellant's request to the county judge on October 13, 1992 to order a more definite statement according to the statute mentioned above. The record also shows an order of October 15, 1992 from County Judge Lindsay acceding to this request and ordering such definite statement. However, the record does not contain the actual notice about which appellant complains. Absent the order about which appellant complains, we have no basis upon which to address the point of error. Appellant has not presented a motion to this court to supplement the record with this notice which appellant admits in his brief is not contained in the record. It is the burden of appellant to ensure a complete record is presented to the appellate court for review. TEX.R.APP.P. 50(d); *Garza v. Southland Corp.,* 836 S.W.2d 214, 220 (Tex.App.—Houston [14th Dist.] 1992, no writ). Point of error five is overruled.

Point of error six complains of lack of substantial evidence to support the denial of the license. This particular standard of review is different from the usual factual sufficiency review by appellate courts because appellate courts are granted a limited range of appellate jurisdiction over the fact-finding capacity of an administrative agency. *See State Banking Bd. v. Allied Bank of Marble Falls,* 748 S.W.2d 447, 448–49 (Tex.1988)

(recognizing deference owed to fact finding of administrative agency). In ascertaining whether appellant can sustain his point of error we must determine whether he has overcome the presumption that orders of administrative agencies are supported by substantial evidence. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex.1984); *Texas Alcoholic Beverage Comm'n v. Mini, Inc.,* 832 S.W.2d 147, 150 (Tex.App.—Houston [14th Dist.] 1992, no writ). We find appellant does not carry this burden. Point of error six is overruled.

The judgment of the trial court is affirmed.