NO. 07-01-0219-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 2, 2001



______________________________




SOTERO BENAVIDES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 95-2274; HONORABLE GEORGE HANSARD, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND


 Appellant Sotero Benavides has appealed a judgment revoking his community
supervision and sentencing him to confinement for two years in the Institutional Division
of the Department of Criminal Justice. To date, we have received neither a clerk's record
nor a reporter's record in this matter. We have been notified by the court reporter that
there has been no written designation of the record, and appellant has not paid or made
arrangements to pay for the record. The attorney who represented appellant at trial has
also executed an affidavit stating that, although he filed the notice of appeal, he was not
hired by appellant to represent him on appeal and has not been appointed by the court to
represent appellant. He assumed another attorney had been appointed and was
prosecuting the appeal. This sequence of events requires us to abate this matter for a
hearing. See Tex. R. App. P. 35.3(c). Accordingly, this appeal is abated, and the cause
is remanded to the 106th District Court of Lynn County. 

 Upon remand, the judge of the trial court shall immediately cause notice to be given 
and conduct a hearing to determine:

 1. Whether appellant has abandoned his appeal.

 2. Whether appellant is presently represented by an attorney, and, if so,
whether he will diligently pursue the appeal and what steps, if any, should
be taken to ensure that diligence.


 3. If it is determined that appellant is not presently represented by an
attorney, whether appellant is presently indigent, and if so, whether counsel
should be appointed to represent him. 


 4. If it is determined that an attorney should be appointed, the name,
address, and State Bar of Texas identification number of the attorney
appointed.


 5. If appellant is not presently represented by an attorney and is not
indigent, what steps need to be taken to ensure appellant will promptly
obtain the services of another attorney to pursue the appeal. 


 6. If any other orders are necessary to ensure the provision of an appellate
record and the completion of the record for appellate review as well as the
proper and timely pursuit of appellant's appeal. 


 In support of its determinations, the trial court will prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. The supplemental clerk's and reporter's records shall be submitted to
the clerk of this court no later than November 2, 2001. 

 It is so ordered.

 Per Curiam

Do not publish.



="false" Priority="61" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light List"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00210-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



APRIL
29, 2010

 



 

ROBIN HOSEA, APPELLANT

 

v.

 

GEORGE WHITTENBURG AND

 WHITTENBURG, WHITTENBURG, SCHACHTER

 & HARRIS, P.C., APPELLEES



 



 

 FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 57,066-A; HONORABLE HAL MINER, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

OPINION

 

 

Robin Hosea attempts to
appeal from the trial courts order dismissing for want of prosecution her suit
against her former attorney, George Whittenburg, and
his law firm.  The 47th District Court of
Randall County dismissed her cause on March 23, 2009.  She filed her notice of appeal on June 25,
2009.

            Although neither party has raised a question whether this
Court has jurisdiction, we are obligated to consider, sua sponte, our jurisdiction of a
case on appeal.  See Churchill
v. Mayo, 224 S.W.3d 340, 344 (Tex.App.Houston
[1st Dist.] 2006, pet. denied); Buffalo Royalty Corp. v. Enron Corp.,
906 S.W.2d 275, 277 (Tex.App.Amarillo 1995, no
writ).  We do not presume
jurisdiction.  El-Kareh v. Tex. Alcoholic Beverage Comm'n,
874 S.W.2d 192, 194 (Tex.App.Houston [14th Dist.]
1994, no pet.).  If the record
does not affirmatively demonstrate that we have jurisdiction, we must dismiss
the appeal. Id.; Buffalo Royalty Corp., 906
S.W.2d at 277.

            A timely notice of appeal is necessary to invoke this
Courts jurisdiction.  See Tex. R. App. P. 25.1; Thomas v. Neal, No. 07-01-00235-CV,
2001 Tex.App. LEXIS
5963, at *2 (Tex.App.Amarillo Aug. 29, 2001, no
pet.) (per curiam).  Ordinarily, a notice of appeal must be filed
within thirty days of the date the appealable order is signed.  See Tex.
R. App. P. 26.1.  If the appellant
timely files, inter alia, a motion to
reinstate, the deadline is extended, and the appellant must file his or her
notice of appeal within ninety days of the date the trial court signed the
appealable judgment.  Tex. R. App. P. 26.1(a).  Following a dismissal for want of
prosecution, a party must file a verified motion to reinstate within thirty
days after the order of dismissal for want of prosecution.  Tex.
R. Civ. P. 165a(3).

            It has become fairly well-established that an unverified motion to reinstate does not
extend the trial courts plenary jurisdiction and does not extend the time in
which to file a notice of appeal.  See
Butts v. Capitol City Nursing Home, Inc., 705 S.W.2d 696, 697 (Tex.
1986) (refusing writ of error because appellate court properly dismissed appeal
for want of jurisdiction because the unverified motion to reinstate did not
extend the time for perfecting appeal); see also McConnell v. May,
800 S.W.2d 194, 194 (Tex. 1990) (per curiam); Twist
v. McAllen Natl Bank, 294 S.W.3d 255, 260 (Tex.App.Corpus
Christi 2009, no pet.).

            Hoseas motion to reinstate was unverified.[1]  As such, under the Butts/McConnell
rule, it failed to extend the time in which she could timely file her notice of
appeal.  Based on the record before us,
then, she had until April 23, 2009, to file her notice of appeal; she filed her
notice of appeal on June 25, 2009.  

            Though the Texas Supreme Court has impliedly frowned on
the Butts/McConnell rule, it has not expressly overruled those
cases.  See Guest, 195
S.W.3d at 68889 (assuming that Butts and McConnell have
survive[d] and citing several cases espousing a reasonable, but liberal,
interpretation of the applicable rules so that the right of appeal is not lost
due to overly technical application of rules). We are duty bound to follow the
Texas Supreme Court's authoritative expressions of law.  See In re K.S., 76 S.W.3d 36,
49 (Tex.App.Amarillo 2002, no pet.); see also
Swilley v. McCain, 374 S.W.2d 871, 875
(Tex. 1964) (After a principle, rule or proposition of law has been squarely
decided by the [Texas] Supreme Court, . . . the decision is accepted as a
binding precedent by the same court or other courts of lower rank when the very
point is again presented in a subsequent suit between different
parties.).  That being so, Butts
and McConnell remain the law under which we and our sister courts are
duty bound to operate.  See Twist, 294 S.W.3d at 262 (applying Butts/McConnell
rule but noting Texas Supreme Courts ominous language in Guest); Silguero v. State, 287 S.W.3d 146, 14950 (Tex.App.Corpus Christi 2009, no pet.) (same); In
re Dobbins, 247 S.W.3d 394, 396 (Tex.App.Dallas
2008, orig. proceeding) (same); In re Trinity Universal Ins. Co., No.
04-06-00471-CV, 2006 Tex.App. LEXIS 8550, at *5 (Tex.App.San Antonio Oct. 4, 2006, orig. proceeding) (mem. op.) (same).

            We, too, follow Butts and McConnell to
conclude that the unverified motion to reinstate did not serve to extend the
time in which Hosea could timely file a notice of appeal from the order
dismissing her case for want of prosecution. 
She was, therefore, required to file her notice of appeal within thirty
days of the date the trial court signed the order of dismissal.  Her notice of appeal filed ninety-four days
after that date was untimely and did not operate to invoke our jurisdiction.

            Accordingly, we dismiss this appeal for want of
jurisdiction.

 

 

 

            








                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 











[1] Further, there was no affidavit or anything that could
be said to serve as an effective substitute for verification.  See Guest v. Dixon, 195 S.W.3d
687, 689 (Tex. 2006); Twist, 294 S.W.3d at 260; In re Dobbins,
247 S.W.3d 394, 39697 (Tex.App.Dallas 2008, orig. proceeding).  Attached to Hoseas reply to Whittenburgs response to her motion to reinstate is her
affidavit.  To the extent a liberal
application of the rules would allow her affidavit to serve as a substitute for
verification, we observe that the reply was filed outside the trial courts unextended plenary jurisdiction.  See McConnell, 800 S.W.2d at
194; see also Owen v. Hodge, 874 S.W.2d 301, 303 (Tex.App.Houston [1st Dist.] 1994, no writ) (concluding
that that appellant's verified motion for leave to supplement his unverified motion
to reinstate was filed after the trial court's plenary jurisdiction had expired).