NO. 07-00-0461-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



OCTOBER 5, 2004



______________________________




JOSE ZUNIGA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;



NO. 98-2419; HONORABLE GENE DULANEY, JUDGE



_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

ORDER ON STATE'S MOTION TO REVOKE BOND ISSUED UNDER 


ARTICLE 44.04(h) AND REQUEST FOR ISSUANCE OF WARRANT



 Following this Court's reversal of appellant's conviction and his release on a $50,000
bond, the State filed a petition for discretionary review that was granted. On April 26, 2004,
the Court of Criminal Appeals reversed our decision and following the issuance of its
mandate on June 17, 2004, remanded the case for further proceedings. On August 2,
2004, pursuant to directions from the higher court, we re-examined appellant's case and
issued an opinion affirming his conviction. Shortly thereafter, pursuant to article 44.04(h)
of the Texas Code of Criminal Procedure (Vernon Pamph. Supp. 2004-05), the State
moved to have appellant's bond revoked and also requested that capias issue for his
arrest. We overrule the motion.

 Article 44.04(h) provides in pertinent part that following a reversal by a court of
appeals, a defendant is entitled to be released on bail pending final determination of an
appeal by the state or the defendant on a motion for discretionary review. (Emphasis
added). The State relies on this statute, but provides no other authority in support of its
position that once mandate was issued by the Court of Criminal Appeals on June 17, a
final determination was made on its petition for discretionary review. The State, however,
ignores that portion of the statute that also allows appellant to file a petition for
discretionary review challenging our opinion of August 2 affirming his conviction and
pursuing it to a final determination. Accordingly, the State's motion is overruled.

 It is so ordered.

 Don H. Reavis

 Justice


Do not publish.



39" Name="toc 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0181-CV

NO.
07-10-0182-CV

NO.
07-10-0183-CV

 

IN
THE COURT OF APPEALS

 

FOR
THE SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL
C

 

DECEMBER 22, 2010

 

______________________________

 

 

BENNY
JOE PALOMO, APPELLANT

 

V.

 

THE
STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM
THE 181ST DISTRICT COURT OF RANDALL COUNTY;

 

NOS.
18,223-B, 18,368-B, & 18,369-B; HONORABLE JOHN B. BOARD, JUDGE

 

_______________________________

 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

OPINION

            On May 5, 2010, Appellant, Benny Joe
Palomo, filed notices of appeal challenging the
withdrawal notifications entered by the trial court in each referenced
cause.   By opinion dated May 19, 2010, this Court
concluded that no final, appealable orders had been entered and found
Appellant's notices of appeal to be premature. 
Relying on Harrell v. State,
286 S.W.3d 315 (Tex. 2008), the appeals were abated for 180 days to allow
Appellant an opportunity to challenge the withdrawals from his inmate account[1] in
the trial court and obtain appealable orders. 
 

            Generally, an appeal may be taken
only from a final judgment or order.  See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001).  The Texas Supreme Court has determined that an Order
to Withdraw Inmate Funds, issued pursuant to section 501.014(e) of the
Texas Government Code, is not an order; rather, it is a "notification by a
court" directing prison officials to withdraw funds for an inmate's account.  Harrell
v. State, 286 S.W.3d 315, 316 n.1 (Tex. 2008).  The Court concluded that receipt of a copy of
the withdrawal notification (Order to Withdraw Funds) and an opportunity to be
heard (Harrell's motion to rescind)[2] satisfied
the requirements of due process. Harrell,
286 S.W.3d at 320-21.

            Texas appellate courts have
jurisdiction only over final orders or judgments unless a statute permits an
interlocutory appeal.  See Ogletree v.
Matthews, 262 S.W.3d 316, 319 n.1 (Tex. 2007).  The denial of a motion to modify, correct, or
rescind a withdrawal notification is a final, appealable order.  See Ramirez v. State, 318 S.W.3d 906,
908 (Tex.App.--Waco 2010, no pet.).  Jurisdiction
of an appellate court is never presumed; if the record does not affirmatively
demonstrate the appellate court's jurisdiction, the appeal must be dismissed.  See El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194
(Tex.App.--Houston [14th Dist.] 1994, no writ). 


            The deadline set by this Court's May
19, 2010 opinion for Appellant to obtain final, appealable orders has
lapsed.  An inquiry to the trial court
clerk revealed that Appellant has not filed any challenges to the withdrawal
notifications nor has he taken any action to obtain such orders.[3]  Accordingly, we conclude the record before us
does not invoke our jurisdiction and we dismiss these purported appeals for
want of jurisdiction, without prejudice.

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

 

 

 











[1]Formerly
referred to as inmate trust accounts, the term "trust" has been
removed from statutory references.  See Act of May 11, 1989, 71st
Leg., R.S., ch. 212, § 2.01 1989 Tex. Gen. Laws 918,
958, amended by Act of May 17, 1999,
76th Leg., R.S., ch. 326, §1, 1999 Tex.
Gen. Laws 1235, 1236 (current version at Tex. Gov't Code Ann. § 501.014 (West Supp.
2010)).  Accordingly, they are simply
inmate accounts.

 





[2]The
trial court denied Harrell's Motion to
Rescind.  See Harrell v. State, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex.
App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), rev'd, 286 S.W.3d 315 (Tex. 2008).





[3]Even
though the records of the trial court clerk do not reveal any action taken by
Appellant to obtain an order either granting or denying a motion to modify,
correct, or rescind the withdrawal notifications, he has twice corresponded
with the Clerk of this Court indicating that he has been unable to obtain a
ruling from the trial court.  When a
trial court fails or refuses to rule on a pending motion after being given
adequate notice and a sufficient opportunity to consider and rule on the
motion, a writ of mandamus may lie to compel the trial court to rule.  OConnor v. First
Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In re Chavez, 62 S.W.3d 225,
228 (Tex.App.--Amarillo 2001, orig. proceeding).