BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-04-0274-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 5, 2004


______________________________



JAIME CUELLAR,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 48339-E; HON. ABE LOPEZ, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Jaime Cuellar (appellant) appeals his conviction of possession of marijuana. The
clerk's record was filed on July 12, 2004, and the reporter's record was filed on July 8,
2004. Thus, appellant's brief was due on August 12, 2004, and counsel for appellant filed
a motion to extend the deadline. The motion was granted, resulting in an extension of the
deadline to September 13, 2004. That date passed without appellant filing a brief,
however. So, on September 21, 2004, this Court notified appellant that neither the brief nor
an extension of time to file it had been received by the court. Appellant was also
admonished that if he did not respond to the court's letter by October 1, 2004, the appeal
would be abated to the trial court. October 1st also passed without appellant filing a brief,
moving for an extension, or responding in any way to our September 21st letter.

 Consequently, we abate this appeal and remand the cause to the 108th District
Court of Potter County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of counsel
due to appellate counsel's failure to timely file an appellate brief. See
Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d
821, 828 (1985) (holding that an indigent defendant is entitled to the
effective assistance of counsel on the first appeal as of right and that
counsel must be available to assist in preparing and submitting an
appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, has appointed counsel, and has been denied effective
assistance of counsel, or has no counsel, then we further direct it to appoint new counsel
to assist in the prosecution of the appeal. The name, address, phone number, telefax
number, and state bar number of the new counsel, if any, who will represent appellant on
appeal must also be included in the court's findings of fact and conclusions of law. 
Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's
record containing the findings of fact and conclusions of law and 2) a reporter's record
transcribing the evidence and argument presented at the aforementioned hearing. 
Additionally, the trial court shall cause the supplemental clerk's record to be filed with the
clerk of this court on or before November 4, 2004. Should additional time be needed to
perform these tasks, the trial court may request same on or before November 4, 2004.

 It is so ordered.

 Per Curiam

Do not publish.



alse" Priority="1" Name="Default Paragraph Font"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0181-CV

NO.
07-10-0182-CV

NO.
07-10-0183-CV

 

IN
THE COURT OF APPEALS

 

FOR
THE SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL
C

 

DECEMBER 22, 2010

 

______________________________

 

 

BENNY
JOE PALOMO, APPELLANT

 

V.

 

THE
STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM
THE 181ST DISTRICT COURT OF RANDALL COUNTY;

 

NOS.
18,223-B, 18,368-B, & 18,369-B; HONORABLE JOHN B. BOARD, JUDGE

 

_______________________________

 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

OPINION

            On May 5, 2010, Appellant, Benny Joe
Palomo, filed notices of appeal challenging the
withdrawal notifications entered by the trial court in each referenced
cause.   By opinion dated May 19, 2010, this Court
concluded that no final, appealable orders had been entered and found
Appellant's notices of appeal to be premature. 
Relying on Harrell v. State,
286 S.W.3d 315 (Tex. 2008), the appeals were abated for 180 days to allow
Appellant an opportunity to challenge the withdrawals from his inmate account[1] in
the trial court and obtain appealable orders. 
 

            Generally, an appeal may be taken
only from a final judgment or order.  See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001).  The Texas Supreme Court has determined that an Order
to Withdraw Inmate Funds, issued pursuant to section 501.014(e) of the
Texas Government Code, is not an order; rather, it is a "notification by a
court" directing prison officials to withdraw funds for an inmate's account.  Harrell
v. State, 286 S.W.3d 315, 316 n.1 (Tex. 2008).  The Court concluded that receipt of a copy of
the withdrawal notification (Order to Withdraw Funds) and an opportunity to be
heard (Harrell's motion to rescind)[2] satisfied
the requirements of due process. Harrell,
286 S.W.3d at 320-21.

            Texas appellate courts have
jurisdiction only over final orders or judgments unless a statute permits an
interlocutory appeal.  See Ogletree v.
Matthews, 262 S.W.3d 316, 319 n.1 (Tex. 2007).  The denial of a motion to modify, correct, or
rescind a withdrawal notification is a final, appealable order.  See Ramirez v. State, 318 S.W.3d 906,
908 (Tex.App.--Waco 2010, no pet.).  Jurisdiction
of an appellate court is never presumed; if the record does not affirmatively
demonstrate the appellate court's jurisdiction, the appeal must be dismissed.  See El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194
(Tex.App.--Houston [14th Dist.] 1994, no writ). 


            The deadline set by this Court's May
19, 2010 opinion for Appellant to obtain final, appealable orders has
lapsed.  An inquiry to the trial court
clerk revealed that Appellant has not filed any challenges to the withdrawal
notifications nor has he taken any action to obtain such orders.[3]  Accordingly, we conclude the record before us
does not invoke our jurisdiction and we dismiss these purported appeals for
want of jurisdiction, without prejudice.

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

 

 

 











[1]Formerly
referred to as inmate trust accounts, the term "trust" has been
removed from statutory references.  See Act of May 11, 1989, 71st
Leg., R.S., ch. 212, § 2.01 1989 Tex. Gen. Laws 918,
958, amended by Act of May 17, 1999,
76th Leg., R.S., ch. 326, §1, 1999 Tex.
Gen. Laws 1235, 1236 (current version at Tex. Gov't Code Ann. § 501.014 (West Supp.
2010)).  Accordingly, they are simply
inmate accounts.

 





[2]The
trial court denied Harrell's Motion to
Rescind.  See Harrell v. State, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex.
App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), rev'd, 286 S.W.3d 315 (Tex. 2008).





[3]Even
though the records of the trial court clerk do not reveal any action taken by
Appellant to obtain an order either granting or denying a motion to modify,
correct, or rescind the withdrawal notifications, he has twice corresponded
with the Clerk of this Court indicating that he has been unable to obtain a
ruling from the trial court.  When a
trial court fails or refuses to rule on a pending motion after being given
adequate notice and a sufficient opportunity to consider and rule on the
motion, a writ of mandamus may lie to compel the trial court to rule.  OConnor v. First
Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In re Chavez, 62 S.W.3d 225,
228 (Tex.App.--Amarillo 2001, orig. proceeding).