NO. 07-08-0300-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 8, 2008

______________________________

IN RE ROB L. NEWBY, RELATOR 
_________________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          Relator Rob L. Newby, an inmate proceeding pro se, seeks a writ of mandamus
compelling the Honorable Stuart Messer, Judge of the 100th District Court of Childress
County, to rule on a pending motion. We will deny the requested relief.
          The appendix supporting relator’s petition consists of carbon copies of the motion
on which he seeks the trial court’s ruling and a letter from relator to the district clerk of
Childress County. By the motion, relator seeks an order compelling the district clerk to
issue citation and assist him with service of process in his underlying suit. Relator dated
the motion April 29, 2008, but the appendix copy does not bear the file stamp of the district
clerk. 
          Relator’s letter to the district clerk, apparently for transmittal of his motion, is also
dated April 29. In its entirety, the body of the letter provides:
“Enclosed is my ‘Motion for Order to Clerk,’ for filing and Judge Messer’s
immediate attention.”
 
Nothing in the record before us indicates the motion was presented to Judge Messer or
otherwise called to his attention.
          Mandamus is an extraordinary remedy available only in limited circumstances
involving manifest and urgent necessity and not for grievances that may be addressed by
other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Relator must
demonstrate a clear abuse of discretion or the violation of a duty imposed by law when
there is no other adequate remedy at law. See Republican Party of Texas v. Dietz, 940
S.W.2d 86, 88 (Tex. 1997). To obtain the relief he seeks, relator must also satisfy three
requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal
to act. See Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). When a motion is
properly pending before a trial court the act of considering and ruling on it is ministerial. 
Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992). A court’s duty to rule on
properly pending motions is enforceable by mandamus. In re Christensen, 39 S.W.3d 250, 
251 (Tex.App.–Amarillo 2000, orig. proceeding).
          We find relator’s petition is insufficient to warrant the requested relief. No
requirement exists that a court consider a motion not called to its attention. Metzger v.
Sebek, 892 S.W.2d 20, 49 (Tex.App.–Houston [1st Dist.] 1994, writ denied). Filing a
motion with the district clerk does not prove it was brought to the attention of the trial court
because the clerk’s knowledge of the motion is not imputed to the trial court. In re Chavez,
62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig. proceeding). Therefore, “[relator] must
prove that the trial court received notice of the pleading . . . . Merely alleging that
something was filed with or mailed to the district clerk does not satisfy that requirement.” 
In re Metoyer, No. 07-07-0506-CR, 2008 WL 123575, *1 n.2, 2008 Tex. App. Lexis 243,
*4 n.2, (Tex.App.–Amarillo January 14, 2008, orig. proceeding) (citations omitted) (not
designated for publication). The underlying logic of this precept needs no substantial
explanation. “[A] court cannot be faulted for doing nothing when it is or was unaware of
the need to act.” Id. Relator’s petition fails for want of proof that his motion was brought
to the attention of the trial court. See In re Posey, No. 07-03-0518-CV, 2004 WL 111551,
*1, 2004 Tex.App. Lexis 695 at *2-*3 (Tex.App.–Amarillo January 22, 2004, orig.
proceeding) (mem. op.). 
          Relator’s petition must be denied for a second reason. A trial court has a
reasonable time to perform its ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d
268, 269 (Tex.App.–San Antonio 1997, orig. proceeding). Whether a reasonable time has
lapsed depends on the facts of each case. Barnes v. State, 832 S.W.2d 424, 426,
(Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). Assuming for the sake of argument
relator’s motion was filed and presented to Judge Messer on April 29, 2008, we cannot
say, on this record, Judge Messer has unreasonably delayed ruling on the motion. See
In re Gonzales, No. 07-06-0324-CV, 2006 WL 2588696, *1, 2006 Tex. App. Lexis 8057,
*3, (Tex.App.–Amarillo Sept. 6, 2006, orig. proceeding) (mem. op.) (three months
pendency of motion not unreasonable delay).
          For these reasons, we deny relator’s request for mandamus relief.
 
                                                                           James T. Campbell

                                                                                    Justice














eWhenUsed="false" Name="Colorful List Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0181-CV

NO.
07-10-0182-CV

NO.
07-10-0183-CV

 

IN
THE COURT OF APPEALS

 

FOR
THE SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL
C

 

DECEMBER 22, 2010

 

______________________________

 

 

BENNY
JOE PALOMO, APPELLANT

 

V.

 

THE
STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM
THE 181ST DISTRICT COURT OF RANDALL COUNTY;

 

NOS.
18,223-B, 18,368-B, & 18,369-B; HONORABLE JOHN B. BOARD, JUDGE

 

_______________________________

 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

OPINION

            On May 5, 2010, Appellant, Benny Joe
Palomo, filed notices of appeal challenging the
withdrawal notifications entered by the trial court in each referenced
cause.   By opinion dated May 19, 2010, this Court
concluded that no final, appealable orders had been entered and found
Appellant's notices of appeal to be premature. 
Relying on Harrell v. State,
286 S.W.3d 315 (Tex. 2008), the appeals were abated for 180 days to allow
Appellant an opportunity to challenge the withdrawals from his inmate account[1] in
the trial court and obtain appealable orders. 
 

            Generally, an appeal may be taken
only from a final judgment or order.  See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001).  The Texas Supreme Court has determined that an Order
to Withdraw Inmate Funds, issued pursuant to section 501.014(e) of the
Texas Government Code, is not an order; rather, it is a "notification by a
court" directing prison officials to withdraw funds for an inmate's account.  Harrell
v. State, 286 S.W.3d 315, 316 n.1 (Tex. 2008).  The Court concluded that receipt of a copy of
the withdrawal notification (Order to Withdraw Funds) and an opportunity to be
heard (Harrell's motion to rescind)[2] satisfied
the requirements of due process. Harrell,
286 S.W.3d at 320-21.

            Texas appellate courts have
jurisdiction only over final orders or judgments unless a statute permits an
interlocutory appeal.  See Ogletree v.
Matthews, 262 S.W.3d 316, 319 n.1 (Tex. 2007).  The denial of a motion to modify, correct, or
rescind a withdrawal notification is a final, appealable order.  See Ramirez v. State, 318 S.W.3d 906,
908 (Tex.App.--Waco 2010, no pet.).  Jurisdiction
of an appellate court is never presumed; if the record does not affirmatively
demonstrate the appellate court's jurisdiction, the appeal must be dismissed.  See El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194
(Tex.App.--Houston [14th Dist.] 1994, no writ). 


            The deadline set by this Court's May
19, 2010 opinion for Appellant to obtain final, appealable orders has
lapsed.  An inquiry to the trial court
clerk revealed that Appellant has not filed any challenges to the withdrawal
notifications nor has he taken any action to obtain such orders.[3]  Accordingly, we conclude the record before us
does not invoke our jurisdiction and we dismiss these purported appeals for
want of jurisdiction, without prejudice.

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

 

 

 











[1]Formerly
referred to as inmate trust accounts, the term "trust" has been
removed from statutory references.  See Act of May 11, 1989, 71st
Leg., R.S., ch. 212, § 2.01 1989 Tex. Gen. Laws 918,
958, amended by Act of May 17, 1999,
76th Leg., R.S., ch. 326, §1, 1999 Tex.
Gen. Laws 1235, 1236 (current version at Tex. Gov't Code Ann. § 501.014 (West Supp.
2010)).  Accordingly, they are simply
inmate accounts.

 





[2]The
trial court denied Harrell's Motion to
Rescind.  See Harrell v. State, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex.
App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), rev'd, 286 S.W.3d 315 (Tex. 2008).





[3]Even
though the records of the trial court clerk do not reveal any action taken by
Appellant to obtain an order either granting or denying a motion to modify,
correct, or rescind the withdrawal notifications, he has twice corresponded
with the Clerk of this Court indicating that he has been unable to obtain a
ruling from the trial court.  When a
trial court fails or refuses to rule on a pending motion after being given
adequate notice and a sufficient opportunity to consider and rule on the
motion, a writ of mandamus may lie to compel the trial court to rule.  OConnor v. First
Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In re Chavez, 62 S.W.3d 225,
228 (Tex.App.--Amarillo 2001, orig. proceeding).