NO. 07-10-0181-CV
 NO. 07-10-0182-CV
 NO. 07-10-0183-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 DECEMBER 22, 2010

 ______________________________

 BENNY JOE PALOMO, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 181[ST] DISTRICT COURT OF RANDALL COUNTY;

 NOS. 18,223-B, 18,368-B, & 18,369-B; HONORABLE JOHN B. BOARD, JUDGE

 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 OPINION
 On May 5, 2010, Appellant, Benny Joe Palomo, filed notices of appeal challenging the withdrawal notifications entered by the trial court in each referenced cause. By opinion dated May 19, 2010, this Court concluded that no final, appealable orders had been entered and found Appellant's notices of appeal to be premature. Relying on Harrell v. State, 286 S.W.3d 315 (Tex. 2008), the appeals were abated for 180 days to allow Appellant an opportunity to challenge the withdrawals from his inmate account in the trial court and obtain appealable orders. 
 Generally, an appeal may be taken only from a final judgment or order. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). The Texas Supreme Court has determined that an Order to Withdraw Inmate Funds, issued pursuant to section 501.014(e) of the Texas Government Code, is not an order; rather, it is a "notification by a court" directing prison officials to withdraw funds for an inmate's account. Harrell v. State, 286 S.W.3d 315, 316 n.1 (Tex. 2008). The Court concluded that receipt of a copy of the withdrawal notification (Order to Withdraw Funds) and an opportunity to be heard (Harrell's motion to rescind) satisfied the requirements of due process. Harrell, 286 S.W.3d at 320-21.
 Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal. See Ogletree v. Matthews, 262 S.W.3d 316, 319 n.1 (Tex. 2007). The denial of a motion to modify, correct, or rescind a withdrawal notification is a final, appealable order. See Ramirez v. State, 318 S.W.3d 906, 908 (Tex.App.--Waco 2010, no pet.). Jurisdiction of an appellate court is never presumed; if the record does not affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed. See El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex.App.--Houston [14th Dist.] 1994, no writ). 
 The deadline set by this Court's May 19, 2010 opinion for Appellant to obtain final, appealable orders has lapsed. An inquiry to the trial court clerk revealed that Appellant has not filed any challenges to the withdrawal notifications nor has he taken any action to obtain such orders. Accordingly, we conclude the record before us does not invoke our jurisdiction and we dismiss these purported appeals for want of jurisdiction, without prejudice.

 Patrick A. Pirtle
 Justice