NO. 07-10-0181-CV

NO.
07-10-0182-CV

NO.
07-10-0183-CV

 

IN
THE COURT OF APPEALS

 

FOR
THE SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL
C

 

DECEMBER 22, 2010

 

______________________________

 

 

BENNY
JOE PALOMO, APPELLANT

 

V.

 

THE
STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM
THE 181ST DISTRICT COURT OF RANDALL COUNTY;

 

NOS.
18,223-B, 18,368-B, & 18,369-B; HONORABLE JOHN B. BOARD, JUDGE

 

_______________________________

 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

OPINION

            On May 5, 2010, Appellant, Benny Joe
Palomo, filed notices of appeal challenging the
withdrawal notifications entered by the trial court in each referenced
cause.   By opinion dated May 19, 2010, this Court
concluded that no final, appealable orders had been entered and found
Appellant's notices of appeal to be premature. 
Relying on Harrell v. State,
286 S.W.3d 315 (Tex. 2008), the appeals were abated for 180 days to allow
Appellant an opportunity to challenge the withdrawals from his inmate account[1] in
the trial court and obtain appealable orders. 
 

            Generally, an appeal may be taken
only from a final judgment or order.  See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001).  The Texas Supreme Court has determined that an Order
to Withdraw Inmate Funds, issued pursuant to section 501.014(e) of the
Texas Government Code, is not an order; rather, it is a "notification by a
court" directing prison officials to withdraw funds for an inmate's account.  Harrell
v. State, 286 S.W.3d 315, 316 n.1 (Tex. 2008).  The Court concluded that receipt of a copy of
the withdrawal notification (Order to Withdraw Funds) and an opportunity to be
heard (Harrell's motion to rescind)[2] satisfied
the requirements of due process. Harrell,
286 S.W.3d at 320-21.

            Texas appellate courts have
jurisdiction only over final orders or judgments unless a statute permits an
interlocutory appeal.  See Ogletree v.
Matthews, 262 S.W.3d 316, 319 n.1 (Tex. 2007).  The denial of a motion to modify, correct, or
rescind a withdrawal notification is a final, appealable order.  See Ramirez v. State, 318 S.W.3d 906,
908 (Tex.App.--Waco 2010, no pet.).  Jurisdiction
of an appellate court is never presumed; if the record does not affirmatively
demonstrate the appellate court's jurisdiction, the appeal must be dismissed.  See El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194
(Tex.App.--Houston [14th Dist.] 1994, no writ). 


            The deadline set by this Court's May
19, 2010 opinion for Appellant to obtain final, appealable orders has
lapsed.  An inquiry to the trial court
clerk revealed that Appellant has not filed any challenges to the withdrawal
notifications nor has he taken any action to obtain such orders.[3]  Accordingly, we conclude the record before us
does not invoke our jurisdiction and we dismiss these purported appeals for
want of jurisdiction, without prejudice.

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

 

 

 











[1]Formerly
referred to as inmate trust accounts, the term "trust" has been
removed from statutory references.  See Act of May 11, 1989, 71st
Leg., R.S., ch. 212, § 2.01 1989 Tex. Gen. Laws 918,
958, amended by Act of May 17, 1999,
76th Leg., R.S., ch. 326, §1, 1999 Tex.
Gen. Laws 1235, 1236 (current version at Tex. Gov't Code Ann. § 501.014 (West Supp.
2010)).  Accordingly, they are simply
inmate accounts.

 





[2]The
trial court denied Harrell's Motion to
Rescind.  See Harrell v. State, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex.
App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), rev'd, 286 S.W.3d 315 (Tex. 2008).





[3]Even
though the records of the trial court clerk do not reveal any action taken by
Appellant to obtain an order either granting or denying a motion to modify,
correct, or rescind the withdrawal notifications, he has twice corresponded
with the Clerk of this Court indicating that he has been unable to obtain a
ruling from the trial court.  When a
trial court fails or refuses to rule on a pending motion after being given
adequate notice and a sufficient opportunity to consider and rule on the
motion, a writ of mandamus may lie to compel the trial court to rule.  O’Connor v. First
Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In re Chavez, 62 S.W.3d 225,
228 (Tex.App.--Amarillo 2001, orig. proceeding).