NO. 07-10-0358-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 FEBRUARY 25, 2011

 ______________________________

 CHARLES MARTIN BRYANT, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 47[TH] DISTRICT COURT OF RANDALL COUNTY;

 NO. 14,621-A; HONORABLE DAN SCHAAP, JUDGE
 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
 On September 10, 2010, Appellant, Charles Martin Bryant, filed a notice of appeal challenging an Order to Withdraw Inmate Funds entered by the Honorable Abe Lopez on April 26, 2010. By order dated October 5, 2010, this Court concluded that no appealable order had been entered and found Appellant's notice of appeal to be premature. Bryant v. State, No. 07-10-00358-CV, 2010 Tex. App. LEXIS (Tex.App.--Amarillo Oct. 5, 2010, no pet.). Relying on Harrell v. State, 286 S.W.3d 315 (Tex. 2009), this appeal was abated for ninety days to allow Appellant an opportunity to obtain a ruling on his pending motion challenging the withdrawal notification.
 Generally, an appeal may be taken only from a final judgment or order. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). The Texas Supreme Court has determined that an "order" issued pursuant to section 501.014(e) of the Texas Government Code, is not an order; rather, it is a "notification by a court" directing prison officials to withdraw funds from an inmate's account. Harrell, 286 S.W.3d at 316 n.1. In Harrell, the Court concluded that receipt of a copy of the withdrawal notification and an opportunity to be heard (Harrell's motion to rescind) satisfied the requirements of due process. Id at 320-21.
 Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal. See Ogletree v. Matthews, 262 S.W.3d 316, 319 n.1 (Tex. 2007). The denial of a motion to modify, correct, or rescind a withdrawal notification is an appealable order. See Ramirez v. State, 318 S.W.3d 906, 908 (Tex.App.--Waco 2010, no pet.). Jurisdiction of an appellate court is never presumed; if the record does not affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed. See El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex.App.--Houston [14th Dist.] 1994, no writ). 
 The deadline set by the October 5 order of this Court for Appellant to obtain an appealable order lapsed on January 3, 2011. An inquiry to the Randall County District Clerk revealed that, subsequent to October 5, 2010 and prior to that deadline, no action was taken by Appellant and no orders were entered by the trial court. Appellant was then notified by this Court, in writing, to show cause why this appeal should not be dismissed for want of jurisdiction. In response, Appellant filed a Petition for Writ of Mandamus requesting this Court to compel the Honorable Abe Lopez to rescind the withdrawal notification. As Appellant has yet to obtain an appealable order, we conclude the record before us does not invoke our jurisdiction and we dismiss this purported appeal for want of jurisdiction, without prejudice.

 Patrick A. Pirtle
 Justice