

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00028-CV

**COLETTE SAVAGE,**

$\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ **Appellant**

 **v.**

**MARK SAVAGE,**

$\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ **Appellee**

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 52,939

## MEMORANDUM OPINION

On December 27, 2017, appellant, Colette Savage, filed what she has called a pro se "Bill of Review" in this Court. In this filing, appellant included the trial-court style at the top, though she later requests "THE HONORABLE JUDGES OF SAID COURT" to review the judgment of the 66th Judicial District Court of Hill County, Texas. Given that only one judge serves as the district-court judge, the fact that appellant requests "THE HONORABLE JUDGES" to review the judgment suggests that this filing was intended

to be a "Bill of Review" filed in this Court, rather than merely a courtesy copy of a Bill of Review filed in the trial court. This conclusion is further supported by language used by appellant in her prayer. Specifically, appellant states the following:

> Applicant prays that this Court grant her Bill of Review to dismiss Mark's claim or in the alternative *return the instant litigation to trial court* for full and fair adjudication of the issues demonstrated herein as required by Texas Rules and applicable authorities and that she be granted the full measure of recovery to which she can show herself to be entitled in law and in equity.

(Emphasis added).

After review, we conclude that appellant has filed an original Bill of Review in this Court. A bill of review is an independent lawsuit that seeks relief from the trial court, not the appellate court. *See Caldwell v. Barnes*, 154 S.W.3d 93, 98 (Tex. 2004) (ordering a separate jury trial for bill-of-review issues); *see also Tate v. 8301 Maryland, LLC*, No. 03-05-00376-CV, 2006 Tex. App. LEXIS 7560, at *5 (Tex. App.—Austin Aug. 25, 2006, pet. denied) (mem. op.). Because appellant has filed her bill of review in this Court, an appellate court, we lack jurisdiction over appellant's filing. *See, e.g., Payne v. Payne*, No. 04-08-00576-CV, 2009 Tex. App. LEXIS 897, at *6 (Tex. App.—San Antonio Feb. 11, 2009, no pet.) (mem. op.) (concluding that an appellate court's jurisdiction is limited to the judgment granting or denying the petition for bill of review); *El-Kareh v. Tex. Alcoholic Beverage Comm'n*, 874 S.W.2d 192, 194 (Tex. App.—Houston [14th Dist.] 1994, no writ) (noting that jurisdiction of a court is never presumed and that if the record does not

affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed).

We notified appellant by letter that this matter would be dismissed for want of jurisdiction unless she filed a response showing grounds for continuing the appeal within twenty-one days. Appellant responded and acknowledged that she filed her "Bill of Review" in the wrong court. Therefore, because we lack jurisdiction over appellant's pro se "Bill of Review," we dismiss this matter for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); see also *Caldwell*, 154 S.W.3d at 98; *El-Kareh*, 874 S.W.2d at 194; *see also Payne*, 2009 Tex. App. LEXIS 897, at *6; *Tate*, 2006 Tex. App. LEXIS 7560, at *5.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51,208, 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed March 7, 2018
[CV06]

