NO. 07-10-0181-CV
NO. 07-10-0182-CV
NO. 07-10-0183-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 22, 2010

_____


BENNY JOE PALOMO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NOS. 18,223-B, 18,368-B, & 18,369-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

On May 5, 2010, Appellant, Benny Joe Palomo, filed notices of appeal challenging the withdrawal notifications entered by the trial court in each referenced cause. By opinion dated May 19, 2010, this Court concluded that no final, appealable orders had been entered and found Appellant's notices of appeal to be premature. Relying on *Harrell v. State*, 286 S.W.3d 315 (Tex. 2008), the appeals were abated for

180 days to allow Appellant an opportunity to challenge the withdrawals from his inmate account[1] in the trial court and obtain appealable orders.

Generally, an appeal may be taken only from a final judgment or order.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  The Texas Supreme Court has determined that an *Order to Withdraw Inmate Funds,* issued pursuant to section 501.014(e) of the Texas Government Code, is not an order; rather, it is a "notification by a court" directing prison officials to withdraw funds for an inmate's account.  *Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2008).  The Court concluded that receipt of a copy of the withdrawal notification (Order to Withdraw Funds) and an opportunity to be heard (Harrell's motion to rescind)[2] satisfied the requirements of due process. *Harrell*, 286 S.W.3d at 320-21.

Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal.  *See Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007).  The denial of a motion to modify, correct, or rescind a withdrawal notification is a final, appealable order.  *See Ramirez v. State*, 318 S.W.3d 906, 908 (Tex.App.--Waco 2010, no pet.).  Jurisdiction of an appellate court is never presumed; if the record does not affirmatively demonstrate the appellate court's

---

[1]Formerly referred to as inmate trust accounts, the term "trust" has been removed from statutory references.  *See* Act of May 11, 1989, 71st Leg., R.S., ch. 212, § 2.01 1989 Tex. Gen. Laws 918, 958, *amended by* Act of May 17, 1999, 76th Leg., R.S., ch. 326, §1, 1999 Tex. Gen. Laws 1235, 1236 (current version at Tex. Gov't Code Ann. § 501.014 (West Supp. 2010)).  Accordingly, they are simply inmate accounts.

[2]The trial court denied Harrell's *Motion to Rescind.  See Harrell v. State*, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex. App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007)*, rev'd*, 286 S.W.3d 315 (Tex. 2008).

jurisdiction, the appeal must be dismissed. *See El-Kareh v. Texas Alcoholic Beverage Comm'n*, 874 S.W.2d 192, 194 (Tex.App.--Houston [14th Dist.] 1994, no writ).

The deadline set by this Court's May 19, 2010 opinion for Appellant to obtain final, appealable orders has lapsed. An inquiry to the trial court clerk revealed that Appellant has not filed any challenges to the withdrawal notifications nor has he taken any action to obtain such orders.[3] Accordingly, we conclude the record before us does not invoke our jurisdiction and we dismiss these purported appeals for want of jurisdiction, without prejudice.

Patrick A. Pirtle
Justice

---

[3]Even though the records of the trial court clerk do not reveal any action taken by Appellant to obtain an order either granting or denying a motion to modify, correct, or rescind the withdrawal notifications, he has twice corresponded with the Clerk of this Court indicating that he has been unable to obtain a ruling from the trial court. When a trial court fails or refuses to rule on a pending motion after being given adequate notice and a sufficient opportunity to consider and rule on the motion, a writ of mandamus may lie to compel the trial court to rule. O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992); In re Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding).