NO. 07-11-0147-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 25, 2011

JACK E. WHITNEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 147TH DISTRICT COURT OF TRAVIS COUNTY;

NO. 96256-A; HONORABLE CLIFFORD BROWN, PRESIDING

*Memorandum Opinion on
Motion for Rehearing*

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

Pending before the court is the State's motion for rehearing. We grant the motion, withdraw our opinion, and dismiss the appeal for want of jurisdiction. Appellant Jack E. Whitney seeks to appeal the trial court's finding that he has failed to present sufficient evidence in order for a writ to be granted. The State contends this court is without jurisdiction. This is so, according to the State, because art. 11.07 of the Texas Code of Criminal Procedure implicates the jurisdiction of only the convicting court and

---

[1] John T. Boyd, Senior Justice retired, sitting by assignment.

the Court of Criminal Appeals. It allegedly provides no role for the court of appeals. We dismiss for want of jurisdiction.

Save for a few situations which are inapplicable here, an appellate court has jurisdiction only over final judgments and orders. *Palomo v. State*, 330 S.W.3d 920 (Tex. App.–Amarillo 2010, no pet.). No such judgment or order appears in the record before us. Here, the trial court issued findings and a recommendation that the writ be denied. It then ordered that the record be transmitted to the Court of Criminal Appeals. The trial court did not make a ruling in a final order denying appellant's petition for writ of habeas corpus. Because we do not have a final appealable order from the trial court, we are without jurisdiction.

Accordingly, we need not address whether this court would have jurisdiction over a proceeding arising under art. 11.07 of the Texas Code of Criminal Procedure if a final order had been entered. Instead, we simply dismiss the appeal for the lack of such an order.


Per Curiam

Do not publish.

2