

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00451-CV

| | | |
|---|---|---|
| Javier Davila | § | From Criminal District Court No. 4 |
| | § | of Tarrant County (1247093W) |
| v. | § | November 15, 2012 |
| The State of Texas | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-11-00446-CV**
**NO. 02-11-00447-CV**
**NO. 02-11-00448-CV**
**NO. 02-11-00449-CV**
**NO. 02-11-00450-CV**
**NO. 02-11-00451-CV**
**NO. 02-11-00452-CV**

JAVIER DAVILA                                                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                              APPELLEE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On October 21, 2011, appellant Javier Davila filed a notice of appeal challenging the trial court's orders to withdraw funds from his inmate trust

---

[1]*See* Tex. R. App. P. 47.4.

account in seven separate trial court cause numbers.  Because we were unable to determine whether appellant's rights to due process had been satisfied based on the record before us, we abated the appeals on November 15, 2011 for 180 days so that appellant could obtain appealable orders from the trial court.  *See, e.g.*, *Palomo v. State*, 322 S.W.3d 304, 307–08 (Tex. App.—Amarillo 2010, order) (abating appeal to allow appellant time to file an appropriate motion to modify, correct, or rescind the withdrawal notification and obtain a final, appealable order addressing that motion), *disp. on merits*, 330 S.W.3d 920 (Tex. App.—Amarillo 2010, no pet.); *see also* Tex. R. App. P. 27.2.

On June 13, 2012, we sent appellant a letter informing him that the appeals had been reinstated but that the trial court had not rendered any appealable orders.  We told appellant that if we did not receive any written, appealable orders or a response indicating that appellant would obtain such orders on or before June 25, 2012, the appeals would be dismissed for want of jurisdiction.  We have received no response, and no appealable orders have been rendered in the trial court.

Because there are no appealable orders for this court to review, we dismiss the appeals for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f); *Davis v. State*, No. 02-11-00016-CV, 2011 WL 5247505, at *1 (Tex. App.—Fort Worth Nov. 3, 2011, no pet.) (mem. op.).

                                                   PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED:  November 15, 2012