

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00219-CR
_____

EDWARD L. MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2004-405,843, Honorable John J. "Trey" McClendon, Presiding

September 24, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Edward L. Martinez, filed a notice of appeal with this Court July 16, 2013, seeking review of the 137th District Court's "judgments" regarding several motions he had filed in that court. On August 2, 2013, this Court sent appellant notice that it appeared that the Court may not have jurisdiction and was directed to show how this Court has jurisdiction over this appeal. Furthermore, in response to an inquiry made by this Court, the trial court represented that it "will not be signing any orders on the motions [appellant made] mention in his notice of appeal filed in the above

referenced appellate case number." Appellant responded to this Court's letter by contending that the filing of a notice of appeal invokes this court's jurisdiction and the Texas Code of Criminal Procedure article 44.02 grants him the right of appeal.

However, Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal. *See Palomo v. State,* 330 S.W.3d 920, 920-21 (Tex. App.—Amarillo 2010, no pet.). Jurisdiction of an appellate court is never presumed; if the record does not affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed. *Id.* Because the record here does not affirmatively demonstrate the appellate court's jurisdiction, the appeal must be dismissed.

Accordingly, we dismiss the appeal for want of jurisdiction.[1]

Per Curiam

Do not publish.

---

[1] Appellant, further, requested that he be allowed to proceed in filing his brief. We deny the request as moot.