

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-17-00064-CV**
**NO. 02-17-00065-CV**
**NO. 02-17-00066-CV**
**NO. 02-17-00067-CV**
**NO. 02-17-00068-CV**

MARCUS EUGENE BOONE                                         APPELLANT

V.

THE STATE OF TEXAS                                          APPELLEE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1413540D, 1413538D, 1413539D, 1412646D, 1411974D

------------

# ORDER

------------

In each case, Appellant Marcus Eugene Boone challenges the trial court's order to withdraw funds from his inmate trust account. See *Palomo v. State*, 322 S.W.3d 304, 305 & n.1 (Tex. App.—Amarillo 2010, order), *disp. on merits*, Nos. 07-10-00181-CV, 07-10-00182-CV, 07-10-00183-CV, 2010 WL 5250874 (Tex.

App.—Amarillo, no pet.); *see also Harrell v. State*, 286 S.W.3d 315, 316 n.1 (Tex. 2009). Each order to withdraw is Attachment A to its corresponding May 5, 2016 judgment, "incorporated into the judgment[,] and made a part thereof." The amount of court costs in each order to withdraw does not match the corresponding amount of court costs in the respective judgment and bill of cost. Instead, the amount of court costs in each order to withdraw is the cumulative total of court costs for all five cases. Appellant timely filed a notice of appeal in each case, and both parties have filed briefs.

We are unable to determine whether Appellant's rights to due process have been fully satisfied in the trial court. *See Harrell*, 286 S.W.3d at 321; *Palomo*, 322 S.W.3d at 307. Appellant received notice via the order to withdraw in each case. *See Harrell*, 286 S.W.3d at 321; *Palomo*, 322 S.W.3d at 307. He also appears to have had "an adequate opportunity to compare the amounts assessed by the trial court in the underlying criminal proceedings to the amounts" listed in each order to withdraw. *See Palomo*, 322 S.W.3d at 307; *see also Harrell*, 286 S.W.3d at 321. We are unable to determine, however, whether Appellant has been . . . "afforded an adequate opportunity to alert the court of any alleged errors. Because the trial court has not entered an appealable order either granting or denying a motion to confirm, modify, correct, or rescind the prior withdrawal notification, we find Appellant's notices of appeal to be premature." *Palomo*, 322 S.W.3d at 307 (citation and internal quotation marks omitted).

2

Accordingly, we abate these appeals for **90 days** from the date of this order to allow Appellant time (1) to notify the trial court of any alleged error by filing, as appropriate, a motion to modify, correct, or rescind the order to withdraw funds in each case; (2) to present that motion to the trial court; (3) to schedule any necessary hearing; and (4) to obtain from the trial court a written, appealable order disposing of the motion in each case. *See id.* at 307–08. All appellate deadlines in each case will run from the signing of the written, appealable order.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record, the appellant, the State, the trial court judge, the trial court clerk, and the court reporter.

DATED March 21, 2017.

PER CURIAM